Karen O'Kasey, OSB No. 87069
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone:     (503) 222-4499
Facsimile:     (503) 222-2301
Email:         kok@hhw.com

<u>Of Attorneys for Defendants Gormley
and City of McMinnville</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE MCFARLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD GORMLEY, an individual; CITY OF MCMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM,<br><br>    Defendants. | No. 3:06-CV-1594-HU<br><br>CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS GORMLEY AND CITY OF MCMINNVILLE |

  1.  Plaintiff is the former chief of police for defendant the City of McMinnville (the "City"). He was originally hired in June of 2000 (First Am. Compl. ¶ 2). Prior to his employment with the City, plaintiff worked for 25 years at the Salem police department (McFarlin Dep., p. 11, ll. 9-14). Plaintiff began his employment in Salem as an officer, and over the years was promoted to corporal, then sergeant, then lieutenant (McFarlin Dep., p. 11, ll. 15-19). Plaintiff has a bachelor's degree in business administration and personnel management (McFarlin Dep., p. 10, ll. 16-25).

  2.  During his employment with the Salem police department, plaintiff had supervisory responsibilities over other employees, beginning with his promotion to corporal

Page 1 -   CONCISE STATEMENT OF MATERIAL FACTS IN
    SUPPORT OF MOTION FOR SUMMARY JUDGMENT
    OF DEFENDANTS GORMLEY AND CITY OF
    MCMINNVILLE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

(McFarlin Dep., p. 13, ll. 11-13). After his promotion to sergeant, plaintiff had supervisory responsibilities over five to six officers (McFarlin Dep., p. 15, ll. 8-17). As a lieutenant, plaintiff supervised between 20 and 25 officers, depending on his assignment, which included patrol, detectives, and special operations, including narcotics and street crime (McFarlin Dep., p. 18, ll. 19-25; p. 19, ll. 1-13).

3. While a lieutenant at the Salem police department, plaintiff assisted in the negotiation of a last chance agreement with an employee with the city attorney, and was responsible for monitoring compliance with the agreement (McFarlin Dep., p. 30, ll. 1-24; p. 31, ll. 7-9). Plaintiff also acted as the lead negotiator for the Salem police department during collective bargaining with the union (McFarlin Dep., p. 44, ll. 4-8, 23-25).

4. As chief of police at defendant City, plaintiff was involved in the discharge of three employees (McFarlin Dep., p. 32, ll. 6-8). Plaintiff himself conducted a due process hearing for three employees of the department (McFarlin Dep., p. 36, ll. 12-25; p. 37, ll. 1-2, p. 38, ll. 8-17). Plaintiff was responsible for drafting and monitoring a last-chance agreement with an employee (McFarlin Dep., p. 41, ll. 6-13, ll. 18-25, p. 42, ll. 1-2). Plaintiff was involved in some degree in the negotiations between the department and union representing the officers (McFarlin Dep., p. 43, ll. 19-23). Plaintiff was also responsible for drafting employment policies applicable to his officers, and revised existing discipline policies (McFarlin Dep., p. 45, ll. 6-9, 16-25, p. 46, ll. 4-7, 11-14). Plaintiff also took employment-related classes during the time he worked at the City (McFarlin Dep., p. 48, ll. 4-9).

5. In late October of 2005, defendant Gormley, the mayor of defendant City, learned that the police association was going to take a vote of no-confidence against plaintiff, and that the local newspaper was going to publish an article critical of plaintiff and the department (Gormley Dep., p. 23, ll. 1-25, p. 68, ll. 8-25, p. 69, ll. 1-25, p. 70, ll. 1-2). Earlier that month, plaintiff told Gormley he was applying for chief of police at the Salem police department (McFarlin Dep.,

Page 2 - CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS GORMLEY AND CITY OF MCMINNVILLE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

p. 65, ll. 16-18).

6. Gormley was concerned that the vote of no-confidence and the expected newspaper article might have a negative effect on plaintiff's application for the chief's position with the City of Salem. (Gormley Dep., p. 31, ll. 11-25, p. 32, ll. 1-10).

7. On Monday, October 24, 2005, after Gormley was told about the vote of no-confidence and the proposed article, he met with plaintiff, city manager Kent Taylor, and the council president, Rick Olson, at Taylor's office in City Hall. (Taylor Dep., p. 22, ll. 8-19).

8. According to plaintiff, Gormley told him at the beginning of this meeting that "we need your resignation" (McFarlin Dep., p. 102, ll. 5-9), and Kent Taylor told him "you don't want to go back to a police department that doesn't want you there" (McFarlin Dep., p. 104, ll. 1-8). Gormley also told plaintiff about the potential vote of no-confidence and that the mayor "wanted to save me the embarrassment of having to go through that" (McFarlin Dep., p. 106, ll. 1-7). Neither Gormley, Taylor or Olson told plaintiff at any time that if he did not resign, he would be fired (McFarlin Dep., p. 122, ll. 17-24, p. 123, ll. 1-5).

9. Plaintiff assumed that when Gormley used the word "we" when discussing resignation, that Gormley meant that the city council had asked Gormley to demand his resignation (McFarlin Dep., p. 124, ll. 9-12). Gormley at no time told plaintiff that the council was demanding the resignation (McFarlin Dep., p. 124, ll. 16-25).

10. The next day, on October 25, 2005, plaintiff submitted a written letter of resignation, which stated that his last day of work would be November 30, 2005 (McFarlin Dep., p. 79, ll. 17-20, p. 80, ll. 3-19).

11. On October 28, 2005, plaintiff signed a "Resignation and Separation Agreement and Release of Claims" (McFarlin, Dep., p. 49, ll. 11-22, Ex. 101). Plaintiff originally received a draft of the agreement from Taylor via email (McFarlin Dep., p. 50, ll. 22-25). Plaintiff printed the draft out, and made changes to it (McFarlin Dep., p. 51, ll. 10-17). Plaintiff added language

Page 3 - CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS GORMLEY AND CITY OF MCMINNVILLE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

about the City also waiving any remedy or recovery (McFarlin Dep., p. 52, ll. 2-6). Plaintiff wanted the release to be mutual (McFarlin Dep., p. 52, ll. 11-20). Plaintiff also asked for severance pay (McFarlin Dep., p. 54, ll. 4-12). The severance amount in the agreement was three months pay, which plaintiff requested be paid in a lump sum, for retirement purposes (McFarlin Dep., p. 59, ll. 1-4, p. 60, ll. 8-12, 16-42). Plaintiff also had discussions with Taylor about medical benefits, which were granted in the final version of the agreement (McFarlin Dep., p. 59, ll. 12-17

12. Plaintiff signed the agreement in Mr. Taylor's office (McFarlin Dep., p. 62, ll. 8-18). He reviewed it before he signed it, and did not ask Taylor for more time to review it before signing it (McFarlin Dep., p. 62, ll. 14-18). Between the time the plaintiff got the draft of the agreement on Wednesday and the time he signed it on Friday, he did not ask Olson, the mayor or any council members for more time to consider the release (McFarlin Dep., p. 63, ll. 10-25). He did not have any questions of Taylor about the release at the time he signed it (McFarlin Dep., p. 63, ll. 23-25, p. 64, ll. 1-5). Plaintiff did not ask to have a lawyer review the release before signing it (McFarlin Dep., p. 152, ll. 11-13). Plaintiff understood that the release was an agreement not to bring any civil action regarding his employment (McFarlin Dep., p. 205, ll. 11-20).

13. Plaintiff never told Taylor he did not want to sign the release. At no time did plaintiff feel physically or verbally intimidated by Taylor (McFarlin Dep., p. 206, ll. 6-17). None of the people at the meetings on October 24th or 25th told plaintiff that if he did not sign a release, he would be fired (McFarlin Dep., p. 153, ll. 14-25, p. 154, ll. 1).

14. Plaintiff did not ask to speak to any other council members or appear at an executive session of the council to dispute the request for his resignation before agreeing to resign. (McFarlin Dep., p. 210, ll. 19-25, p. 211, ll. 1-11).

15. Plaintiff was aware before signing the release, that one council member, Allan

Page 4 - CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS GORMLEY AND CITY OF MCMINNVILLE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Springer, was upset about his resignation, and did not agree with the mayor's actions (McFarlin Dep., p. 140, ll. 6-15, p. 143, ll. 2-9). Plaintiff did not seek out any other councilors before resigning to determine whether his assumption that the mayor was speaking on behalf of the council in asking for his resignation was in fact, a correct assumption (McFarlin Dep Vol II., p. 258, ll. 2-25; p. 261, ll. 7-25, p. 262, ll. 1-6).

16. On November 14, 2005, plaintiff learned that he was not chosen for the Salem position (McFarlin Dep., p. 77, ll. 21-23). Plaintiff has no information from any source that his resignation was the reason he did not get the job (McFarlin Dep., p. 78, ll. 18-23).

17. Defendant Gormley was not acting on behalf of himself in regard to plaintiff's employment. He acted only in his capacity as the City's mayor. (Gormley Dep., p. 202, ll. 5-8).

18. Plaintiff was paid everything he was owed by the City for wages, vacation pay and sick pay up through the last date of his employment (McFarlin Dep. Vol II, p. 292, ll. 19-25, p. 293, ll. 1-6).

19. Plaintiff's defamation claim against Gormley and the City is based on statements by Gormley that plaintiff used drugs, had a substance abuse problem, had an anger management problem, was mentally unbalanced, and lunged at Carole Benedict, the city's finance director in a meeting (McFarlin Dep. Vol. II, p. 295, ll. 1-10). The only person that heard these statements from Gormley was council member Springer (McFarlin Dep., Vol. II., p. 297, ll. 1-25, p. 298, ll. 1-25, p. 299, ll. 1-25, p. 300, ll. 1-25, p. 301, ll. 11-25, p. 302, ll. 1-16). Springer did not "buy into" the statements made by Gormley as being factually correct (Springer Dep., p, 42, ll. 21-25).

DATED this 11th day of October, 2007.

                                                    HOFFMAN, HART & WAGNER, LLP


                                                   By: */s/ Karen O'Kasey*
                                                      Karen O'Kasey, OSB No. 87069
                                                      Of Attorneys for Defendants Gormley
                                                       and City of McMinnville

Page 5 - CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS GORMLEY AND CITY OF MCMINNVILLE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of October, 2007, I served the foregoing CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS GORMLEY AND CITY OF MCMINNVILLE on the following parties at the following addresses:

    Terrence Kay, P.C.
    Attorney at Law
    3155 River Road S., Suite 150
    Salem, OR 97302

    Robert S. Wagner
    Miller & Wagner LLP
    2210 NW Flanders St.
    Portland, OR 97210

    Walter H. Sweek
    Cosgrave Vergeer Kester LLP
    805 SW Broadway, 8th Floor
    Portland, OR 97205

by electronic means through the Court's Case Management/Electronic Case File system.

                      */s/ Karen O'Kasey*
                      Karen O'Kasey

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499