Robert S. Wagner, OSB #84411
Stan LeGore, OSB #94369
MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, OR 97210-3408
Telephone: (503) 299-6116
Facsimile: (503) 299-6106
E-mail: rsw@miller-wagner.com

      Of Attorneys for Defendants City County Insurance Services Trust,
      Rod Brown, and Public Safety Liability Management Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WAYNE McFARLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV06-1594 HU |
| | ) | |
| v. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANTS CITY COUNTY |
| EDWARD GORMLEY, an individual; CITY | ) | INSURANCE SERVICES TRUST, ROD |
| OF McMINNVILLE, a Municipal | ) | BROWN, AND PUBLIC SAFETY LIABILITY |
| Corporation; CITY COUNTY INSURANCE | ) | MANAGEMENT, INC.'S MOTION FOR |
| SERVICES TRUST; ROD BROWN, an | ) | SUMMARY JUDGMENT |
| individual; PUBLIC SAFETY LIABILITY | ) | |
| MANAGEMENT INC., an Oregon | ) | |
| corporation; WALDO FARNHAM, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has alleged various state law claims against defendants City County

Insurance Services (CCIS), Rod Brown, and Public Safety Liability Management (PSLM),

including: Interference with Contract Rights; Interference with Prospective Business

Relations; three Conspiracy claims; Negligence; Defamation; and, a Declaratory

Judgment claim against CCIS.[1]

---

[1]Co-defendants City of McMinnville and Edward Gormley have filed a separate
motion for summary judgment (MSJ) with supporting documents.    CCIS, Brown, and
PSLM hereby incorporate all of the City's MSJ documents by reference.

Page 1 -    MEMORANDUM IN SUPPORT OF DEFENDANTS CITY
           COUNTY INSURANCE SERVICES TRUST, ROD BROWN,
           AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S
           MOTION FOR SUMMARY JUDGMENT

All of plaintiff's claims fail for multiple and independent reasons. First, plaintiff has waived all claims against all defendants. Second, plaintiff failed to provide notice to CCIS, a public body, as required by the Oregon Tort Claims Act. Third, Brown and PSLM are not proper defendants under the OTCA because they were at all relevant times employed by and acting as agents for CCIS. Fourth, several of plaintiff's allegations fail to state a claim for relief. Fifth, all of plaintiff's claims fail for a complete lack of evidence. Finally, plaintiff's claim for a declaratory judgment is not ripe for decision.

## BACKGROUND FACTS

Rod Brown is the former Chief of Police for the City of McMinnville. He resigned from that position in 2000, and started a consulting business through which he provides risk management services to law enforcement agencies throughout Oregon. His primary client is defendant CCIS, a public entity which coordinates insurance services for public bodies. On behalf of CCIS, Brown has provided risk management consultation to scores of Oregon cities and counties. (CSMF 1-2).

In October, 2005, Brown was approached by Sergeant Matt Scales of the City of McMinnville police department. Scales was the Association President for the City's police officers. The Association is the functional equivalent of a labor union. Scales wanted to talk with Brown about the morale and conditions at the department, which were very bad and, according to Scales, directly attributable to Chief McFarlin. Scales told Brown that the officers were planning on holding a vote of "no confidence" in the Chief. (CSMF 4-5).

Brown was already aware that Waldo Farnham, a private citizen and local resident, was displeased with plaintiff's performance as Chief and was vocal in his displeasure. Brown had also heard other members - both past and current - of the police department express displeasure with plaintiff's performance as Chief of Police. However, Brown had not relayed any of those concerns to others. (CSMF 7).

Page 2 - MEMORANDUM IN SUPPORT OF DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

Brown immediately went to City of McMinnville Mayor Gormley with the information Scales had provided. Gormley was confused because he had been told by City Manager Kent Taylor that Scales had previously told Taylor that things at the police department were okay. Brown did not want to be "in the middle" of some sort of mis-communication, so he asked Scales to speak directly to Gormley. Scales, with Brown present, told Gormley that the police department was "a sinking ship," and that he had previously misinformed Taylor in hopes that things would work themselves out. (CSMF 5-6).

Several days later, Taylor invited Brown to attend a meeting with Taylor, Gormley, City Council president Rick Olson, Yamhill County Sheriff Jack Crabtree, and Farnham. The purpose of the meeting was to provide City officials with information concerning plaintiff's performance as Chief of Police. Plaintiff's resignation was not discussed at that meeting. (CSMF 8).

A day or two after the meeting, on approximately October 23, 2005, Brown received a request from Taylor to begin the process of identifying possible candidates for the position of Interim Chief of Police. Brown later learned that plaintiff had resigned. Plaintiff signed his letter of resignation on October 28, 2005. Brown was not responsible in any way for the terms of the resignation, the benefits package plaintiff received, or the accompanying waiver that was part of the resignation package. (CSMF 9; Gormley Summary Judgment Documents).

At this same time, plaintiff had an employment application pending for the position of Chief of Police for the City of Salem. Plaintiff told Brown that plaintiff had applied for the Salem position. Brown did not contact or communicate with the City of Salem concerning plaintiff. (CSMF 11).

On approximately November 2, 2005, Brown spoke at a Police Officers Association meeting. He was invited to speak by the Association Board. Brown spoke

Page 3 - MEMORANDUM IN SUPPORT OF DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

of the importance of unity within the department ranks, and of cooperation and working together. Brown did not discuss the Association's "no confidence" vote. (CSMF 10).

## STANDARD OF REVIEW

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); Bahn v. NME Hosp's, Inc., 929 F.2d 1404, 1409 (9th Cir.) cert. denied, 112 S.Ct. 617 (1991). The moving party must carry the initial burden of proof. The party meets this burden by identifying portions of the record on file which demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

Once the moving party meets its initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). "[I]t [cannot] be argued that any disagreement about a material issue of fact precludes the use of summary judgment." California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert denied, 484 U.S. 1006 (1988). The "mere existence of a scintilla of evidence in support of the plaintiff's position would be insufficient" to defeat a motion for summary judgment. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 252 (1986). Evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir.), cert denied, 493 U.S. 809 (1989). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 587 (1986).

## DISCUSSION

Plaintiff has alleged various claims against defendants CCIS, Brown, and PSLM.

MEMORANDUM IN SUPPORT OF DEFENDANTS CITY
COUNTY INSURANCE SERVICES TRUST, ROD BROWN,
AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

All of plaintiff's claims fail because he has waived those claims. All of plaintiff's claims against CCIS, Brown, and PSLM also fail because plaintiff did not provide tort claim notice to CCIS. All of plaintiff's claims against Brown and PSLM fail for the related reason that Brown and PSLM, as agents for a public body (CCIS) and acting on behalf of that public body, are not proper defendants. Further, each of plaintiff's claims fail for additional and independent reasons, all of which are addressed below.

## 1. Plaintiff Has Waived All Claims.

Defendants join in the argument presented by defendants Gormley and City of McMinnville. (See Gormley Memorandum, pp. 6-9). Plaintiff, with knowledge and understanding, entered into an agreement with the City whereby he waived all claims in exchange for certain benefits. The waiver included any potential claims against the City's insurer or any agent. This includes CCIS, Brown, and PSLM.

## 2. Plaintiff Failed to Provide Tort Claim Notice to CCIS Pursuant to ORS 30.265.

CCIS is a unique public entity, authorized by statute, and entitled to all the defenses allowed under the Oregon Tort Claims Act. (CSMF 2). Plaintiff failed to give notice to CCIS as required by statute. (Ex. 2, pp. 10-12). Therefore, plaintiff's tort claims against CCIS fail. (See also Gormley Memorandum, pp. 11-12).

## 3. Brown and PSLM are Not a Proper Parties.

Brown and PSLM incorporate by reference defendant Gormley's argument that he is not a proper defendant for any of plaintiff's state law claims. (See Gormley Memorandum, pp. 9-11). Brown and PSLM were at all times acting as agents of CCIS. Therefore, under the OTCA, CCIS must be substituted for Brown and PSLM. (See Ex. 2, p. 10, ll. 1-6).

## 4. Interference with Contract (Fifth Claim for Relief) Fails.

Plaintiff alleges this claim against defendants Brown and PSLA [sic]. As explained above, Brown and PSLM are not proper defendants. Since CCIS must be

Page 5 -    MEMORANDUM IN SUPPORT OF DEFENDANTS CITY
COUNTY INSURANCE SERVICES TRUST, ROD BROWN,
AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT

**MILLER & WAGNER** LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

substituted for Brown and PSLM, and since plaintiff failed to give tort claim notice to CCIS, plaintiff's claim fails.

This claim also fails on the merits. In his deposition, plaintiff identified two actions for which he was suing defendant Brown. One was "going to a union meeting." The other was for "soliciting unfavorable comments" about plaintiff. (Ex. 2, p. 16). Neither of these alleged actions support a claim for intentional interference with contract.

Brown attended the police Association meeting on November 1st or November 2nd. (Ex. 3, pp. 12-13). Plaintiff submitted his resignation on October 28, 2005. An action by Brown that occurred after plaintiff resigned simply cannot have interfered with plaintiff's employment contract.

The allegation concerning the union meeting fails for another reason. Plaintiff testified in his deposition that he "had heard [Brown] went to a union meeting to try to talk them into a vote of no confidence." (Ex. 2, p. 9, ll. 13-19). Not only is plaintiff's allegation based on inadmissible hearsay, but there is undisputed evidence from two persons who were present at the Association meeting that Brown did not mention a "no confidence" vote or talk about it in any way. (Ex. 1, p. 18; Ex. 3, pp. 15-16). Plaintiff simply has no evidence to support his allegation.

Plaintiff's second allegation about "soliciting unfavorable comments" is equally deficient. Plaintiff has admitted that Brown had an absolute right to go to City officials and "report concerns that he had or heard expressed about [plaintiff]." (Ex. 2, p. 6, ll. 9-15). Plaintiff has also admitted that Brown did not defame him. (Ex. 2, p. 8, ll. 17-19). Further, Brown did not report any of Farnham's complaints to city officials, and did not report various police officer complaints to city officials. (Ex. 1, pp. 13-14).

Finally, there is no evidence that Brown acted with the necessary "intent." For example, there is no evidence that Brown intentionally solicited negative comments

Page 6 - MEMORANDUM IN SUPPORT OF DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

concerning plaintiff. In the case of the report by Sergeant Scales, Scales spotted Brown driving his truck while Scales was on duty and driving a patrol car. Scales followed Brown for blocks, and then approached Brown at Brown's home. (Ex. 3, pp. 2-4). That is not intentional conduct by Brown.

Plaintiff's claim fails for a complete lack of evidence.

## 5. Interference with Prospective Business Relations (Sixth Claim for Relief) Fails.

To state a claim for interference with prospective business relations, a plaintiff must present evidence for each of the following six elements:

> (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.

Allen v. Hall, 328 Or. 276, 281 (1999).

This claim apparently relates to the fact that plaintiff was not hired by the City of Salem. Plaintiff can prove that Brown and PSLM were not agents or employees of the City of Salem and were therefore "third parties." Other than that, plaintiff's claim fails for a complete lack of evidence.

Even assuming plaintiff had any realistic expectation of employment with the City of Salem, which he did not, plaintiff cannot prove any of the remaining elements of this claim. First, and perhaps most important, there is absolutely no evidence that Brown had any contact or communication with Salem concerning plaintiff or plaintiff's employment application. In fact, there is undisputed evidence that Brown had absolutely no contact with Salem. (Ex. 1, p. 15).

Since Brown did not communicate with Salem, there is no evidence that he intentionally interfered with any opportunity or economic advantage. Also, as explained in section 4, above, Brown's actions were neither "improper means or for an

Page 7 - MEMORANDUM IN SUPPORT OF DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

improper purpose." Plaintiff's complaints about the union meeting and the solicitation of unfavorable comments are the substance of this claim as well as the interference with contract claim, and those actions were not improper in any way.

Finally, there are no damages because there is a complete lack of causation.

## 6. Conspiracy Claims (Ninth, Tenth, and Eleventh Claims for Relief) Fail.

Plaintiff alleges that Brown and PSLM conspired with other defendants. Brown and PSLM hereby incorporate by reference defendants Gormley and the City's memorandum. (Gormley Memorandum, pp. 20-21). As Gormley points out, Oregon law does not recognize conspiracy as a separate claim for relief. Further, plaintiff's claims for the underlying alleged wrongdoing by Brown all fail for a complete lack of evidence. As explained above, plaintiff can produce no evidence that defendant Brown or PSLM interfered with plaintiff's employment contract or his prospective business relations. As to the conspiracy to defraud, plaintiff has not alleged any claim of fraud against either Brown or PSLM. These claims must all be dismissed.

## 7. Negligence Claim (Thirteenth Claim for Relief) Fails.

Plaintiff has alleged this claim against all defendants. First, Brown and PSLM are not proper defendants, and CCIS must be substituted in their place. Since plaintiff did not provide the necessary notice to CCIS pursuant to ORS 30.265, the claim fails.

Second, plaintiff's negligence claim fails for the reasons set out in defendant Gormley's Memorandum, pp. 22-23, which is hereby incorporated by reference.

Third, plaintiff's negligence claim also fails to the extent it is based on any of Brown's alleged intentional conduct. Intentional conduct cannot support a claim for negligence. Hampton Tree Farms, Inc. v. Jewett, 158 Or.App. 376 (1999).

Finally, to the extent plaintiff is alleging negligent supervision by CCIS, plaintiff's claim fails for a complete lack of evidence. In order to prove liability, plaintiff is required to present some evidence that it was reasonably foreseeable to CCIS that its

Page 8 -   MEMORANDUM IN SUPPORT OF DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

**MILLER & WAGNER** LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

agent would cause the kind of harm that plaintiff has alleged in this case. See Erickson v. Christenson, 99 Or.App. 104, 109 (1989). Plaintiff has no such evidence.[2] Further, Brown's extensive experience and past work for CCIS provides overwhelming evidence that CCIS could not reasonably have foreseen that Brown would injure plaintiff in the manner alleged. (Ex. 1, pp. 2-4). Plaintiff's claim against CCIS has no merit.

## 8. Defamation Claim (Fourteenth Claim for Relief) Fails.

Plaintiff has alleged that Brown and PSLM defamed him. However, in his deposition, plaintiff acknowledges that he has absolutely no information or evidence that Brown said anything defamatory about him. (Exhibit 2, p. 8, lines 17 - 19). Therefore, the defamation claim against Brown and PSLM fails for a complete lack of evidence.

## 9. Declaratory Judgment Claim (Fifteenth Claim for Relief) Fails.

This claim is confusing because plaintiff states that it is brought against defendants CCIS, Gormley, and the City. However, plaintiff's argument only applies to defendant Gormley. To the extent that this claim is actually brought against defendant CCIS, CCIS incorporates the City's argument by reference because CCIS is also a public body. (Gormley memorandum, pp. 10-11). This claim is simply not ripe for adjudication and must be dismissed.

///

///

///

///

///

---

[2]In fact, plaintiff has no evidence to support any of his claims that Brown's conduct was wrongful in any way. Since Brown did not injure plaintiff, CCIS could not be negligent in its supervision of Brown.

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

## CONCLUSION

Plaintiff's claims against defendants CCIS, Brown, and PSLM fail for all the reasons set out above. The court should grant these defendants' motion for summary judgment.

DATED this 12th day of October, 2007.

MILLER & WAGNER LLP

By: _____
     Stan LeGore, OSB #94369
     Of Attorneys for Defendants
     City County Insurance Services Trust,
     Rod Brown, and Public Safety Liability
     Management, Inc.
     503-299-6116

     Trial Attorney:
     Robert S. Wagner, OSB #84411

Page 10 -    MEMORANDUM IN SUPPORT OF DEFENDANTS CITY
COUNTY INSURANCE SERVICES TRUST, ROD BROWN,
AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MEMORANDUM IN SUPPORT OF
DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND
PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION FOR SUMMARY
JUDGMENT, on the following parties at the following addresses by notice of electronic
filing using the CM/ECF system:

> Terrence Kay
> Attorney at Law
> 3155 River Road S., Suite 150
> Salem, OR 97302
> 503-588-1944
> terrence@kaylawfirm.com
> > Of Attorneys for Plaintiff

> Karen O'Kasey
> Hoffman, Hart & Wagner
> Attorneys at Law
> 1000 S.W. Broadway, 20th Floor
> Portland, OR 97205
> 503-222-4499
> kok@hhw.com
> > Of Attorneys for Defendants Gormley and City of McMinnville

> Walter H. Sweek
> Cosgrave Vergeer Kester LLP
> Attorneys at Law
> 805 S.W. Broadway, 8th Floor
> Portland, OR 97205
> 503-323-9000
> wsweek@cvk-law.com
> > Of Attorneys for Defendant Farnham

DATED this 12th day of October, 2007.

_Stan LeGore_

Stan LeGore, OSB #94369

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116