Walter H. Sweek, OSB No.62092
Internet e-mail: wsweek@cvk-law.com
Wendy M. Margolis, OSB No. 94567
Internet e-mail: Margolis@cvk-law.com
James M. Maldonado, OSB No. 00078
Internet e-mail: jmaldonado@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:  (503) 219-3816
Facsimile:  (503) 323-9019
Attorneys for Defendant Farnham

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM,<br><br>　　　　Defendants. | Case No.: 3:06 CV 01594-HU<br><br>**DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This action arises out of plaintiff's resignation from his position as the Chief of Police for the City of McMinnville (the City). Plaintiff has alleged that the City and Mayor Ed Gormley (Gormley or Mayor) fraudulently obtained his resignation in violation of his due process rights and that, as a result, he has suffered both economic and non-economic damages. As against defendant Waldo Farnham (Farnham), plaintiff has alleged that Farnham was a part of a conspiracy of individuals to have him fired from his position as

Page 1 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
　　HIS MOTION FOR SUMMARY JUDGMENT　　　　　　　　　　　　　　　434739

Chief of Police and to keep him from obtaining employment as the Chief of Police for the City of Salem, a position that he had applied for at the time of his resignation. For the reasons set forth below, Farnham is entitled to judgment as a matter of law as to all claims against him, including plaintiff's fifth (Interference with Contract Rights), sixth (Interference with Prospective Business Relations), ninth (Conspiracy to Defraud), tenth (Conspiracy to Interfere with Contract Rights), eleventh (Conspiracy to Interfere with Prospective Business Relations), thirteenth (Negligence) and fourteenth (Defamation) claims for relief.[1]

## MATERIAL FACTS

In June 2000, plaintiff was appointed Chief of Police for the City of McMinnville and served in that position until December 2005. (CSMF ¶ 1). In the middle of September, 2005, he applied for the position of Chief of Police with the City of Salem. (CSMF ¶ 2). In the middle of October 2005, plaintiff advised Kent Taylor, the City Manager for the City of McMinnville, that plaintiff was one of five finalists for the Salem Chief of Police position. (CSMF ¶ 3). In late October 2005, Mayor Gormley learned from the police union president that the employees of the City's police department were planning on taking a vote of "no confidence" against plaintiff. Also, Gormley learned from the publisher of the local newspaper, Jeb Bladine, that the local newspaper was about to publish an article or articles critical of plaintiff and his conduct as Chief of Police. (CSMF ¶ 4). Gormley was concerned that those developments would have a negative effect on plaintiff's application for the position of Chief of Police with the City of Salem. (CSMF ¶ 5).

On Monday, October 24, 2005, plaintiff met with Gormley, Taylor, and the president of the city council, Rick Olson, at Taylor's office in City Hall. (CSMF ¶ 6). The purpose of the meeting was to discuss the pending no confidence vote and negative newspaper coverage, as well as plaintiff's performance and the potential effect on plaintiff's candidacy

---

[1] Farnham is not implicated in plaintiff's remaining claims for relief.

Page 2 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
    HIS MOTION FOR SUMMARY JUDGMENT                                  434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

for the Salem position. (CSMF ¶ 7). Following that meeting and another on October 25, 2005, plaintiff submitted a letter of resignation with an effective date of November 30, 2005. (CSMF ¶ 8). As part of the discussions regarding his resignation, plaintiff negotiated for benefits, including severance pay and medical benefits. (CSMF ¶ 9). On October 28, 2005, plaintiff signed a document entitled "Resignation and Separation Agreement and Release of Claims." (CSMF ¶ 10).

On November 14, 2005, plaintiff learned that he had not been chosen for the City of Salem Chief of Police position. (CSMF ¶ 11). Plaintiff has no information from any source as to the reason he was not offered the Salem Chief of Police position. (CSMF ¶ 12).

Defendant Farnham is a 72 year old local business person in McMinnville and has lived in the greater McMinnville area for 71 years. (CSMF ¶13). In May of 2005, prior to plaintiff's resignation, Farnham requested that a drug dog be purchased by the City to sniff for drugs in lockers at the local high school. (CSMF ¶ 14). Farnham made this request of the City and plaintiff and informed plaintiff of two drug dogs available in Yamhill County for this purpose. (CSMF ¶ 15). However, after making this request, Farnham attended a school board meeting at which plaintiff stated that no drug dogs were available in Yamhill County. (CSMF ¶16). This angered Farnham due to his prior conversation with plaintiff concerning the availability of drug dogs in Yamhill County and Farnham then started his investigation into plaintiff's accomplishments. (CSMF ¶17).

In investigating plaintiff's accomplishments, Farnham sought out and spoke with multiple members of the community. Farnham spoke with a total of 10 to 20 people, at least four of whom were members of the McMinnville Police Department who, as such, worked directly under plaintiff. (CSMF ¶ 18). Farnham performed the interviewing as a citizen of the City of McMinnville and his investigation lasted from May of 2005 to October of 2005. (CSMF ¶ 19). The Mayor did not ask him to conduct his review of plaintiff's accomplishments. (CSMF ¶ 20).

Page 3 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
    HIS MOTION FOR SUMMARY JUDGMENT                               434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

The people Farnham spoke with told him of their work experience with plaintiff. After meeting with various people, Farnham wrote a two-page memorandum addressed to Mayor Gormley that detailed his conversations with the people with whom he spoke and described what he perceived to be plaintiff's shortcomings as Chief of Police. (CSMF ¶ 21). Plaintiff's defamation claim against Farnham stems from the two-page memorandum. (CSMF ¶ 22). At his deposition, plaintiff testified that his defamation claim against Farnham stems from Farnham telling others that plaintiff lied to him and telling others that Farnham believed plaintiff was an ineffective leader. (CSMF ¶ 23). Plaintiff also testified that the written memorandum of Farnham contained false allegations but did not elaborate on the nature of those false allegations. (CSMF ¶ 24). However, Farnham has testified that he believed everything put into his memorandum was truthful. (CSMF ¶ 25).

Plaintiff initially filed his action in the Circuit Court for the State of Oregon, Yamhill County, on March 23, 2006. (Crt. Dckt. 1). The initial Complaint was filed against the City of McMinnville and Mayor Ed Gormley for their alleged role in plaintiff's departure as Chief of Police for the City of McMinnville. Farnham was not a defendant in that action. On October 19, 2006, plaintiff filed his First Amended Complaint in Yamhill County naming Farnham, City County Insurance Trust, Rod Brown and Public Safety Liability Management Inc. as defendants and adding a 42 U.S.C. §1983 claim against Gormley and the City of McMinnville. (Crt. Dckt. 1). On November 7, 2006, the City and Gormley, with consent of all the defendants, filed a Notice of Removal with this Court. (Crt. Dckt. 1). This Court accepted jurisdiction and the case proceeded forward.

## STANDARD OF REVIEW

A party is entitled to summary judgment if the factual submissions show that there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). When a summary judgment motion is made and supported as provided by Fed. R. Civ. P. 56, an adverse party may not rest upon the mere

Page 4 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
   HIS MOTION FOR SUMMARY JUDGMENT                              434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided by Fed. R. Civ. P. 56, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986); *see also T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material fact issue are resolved against the moving party. *T.W. Elec. Service*, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *Id.* at 630-31. Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## LEGAL ARGUMENT

**Motion #1: All Claims:**

**A. As a Matter of Law, Farnham's Alleged Conduct Is Protected by the First Amendment and the *Noerr-Pennington Doctrine***

Plaintiff's claims against Farnham stem from Farnham's preparation of a two-page memorandum to Mayor Gormley that was largely critical of plaintiff's leadership in serving as the City of McMinnville's Chief of Police. The memorandum was Farnham's attempt to petition the City, through Mayor Gormley, for some type of change to be made in the

Page 5 – DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT      434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

McMinnville Police Department. As such, his actions are protected speech, and plaintiff's claims against him should be dismissed.

A private citizen such as Farnham has a First Amendment right to petition the government for redress. Indeed, the very foundation of our government is founded on this principle. The fundamental principle of seeking redress from the government is well-founded and the protections afforded for such redress were established long ago by the United States Supreme Court through the *Noerr-Pennington* doctrine.

The *Noerr-Pennington* doctrine provides protection to private citizens who attempt to petition government for redress of public issues, as Farnham did in this case. Initially applied to actions claimed to be violative of the Sherman Act, the doctrine derives from the First Amendment's guarantee of the right of the people to petition government for a redress of grievances. *Eastern Railroad Presidents Conference v. Noerr Motor Freight*, 365 U.S. 127, 137-138, 81 S.Ct. 523, 530, 5 L.Ed.2d 464 (1961); *Sosa v. DirectTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). In *Pennington,* the Court (addressing claims associated with the Sherman Act) stated that efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition. *United Mine Workers of America v. Pennington,* 381 U.S. 657, 670, 85 S.Ct. 1585, 1593, 14 L.Ed.2d 626 (1965). Such conduct is not illegal, either standing alone or as part of a broader scheme itself violative of the Sherman Act. *Id.* Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. *Noerr Motor Freight,* 365 U.S. at 138; *Empress LLC v. City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005).

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

The policy behind the *Noerr-Pennington* doctrine is to protect private citizens from being penalized for exercising their First Amendment right to petition government. Although originally developed to protect efforts to influence legislative or executive action under the Sherman Act, the protection has expanded to those who petition courts and administrative agencies, and courts have applied the doctrine to preclude claims other than those brought under the antitrust laws. *Oregon Natural Resources Council v. Mohla,* 944 F.2d 531, 533-534 (9th Cir. 1991); (citing *California Motor Transport v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972), *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board,* 542 F.2d 1076 (9th Cir. 1976), and *In re IBP Confidential Business Documents Litigation,* 755 F.2d 1300, 1312 (8th Cir. 1985)).

Additionally, although initially developed as a protection to statutory liability, the *Noerr-Pennington* doctrine also has been extended to protect private citizens from common law tort claims. Courts have applied the doctrine to protect citizens from claims such as conspiracy and interference with business relations, *Barnes Foundation v. Township of Lower Merion,* 927 F.Supp. 874 (E.D.Pa. 1996); conspiracy, *Evers v. County of Custer,* 745 F.2d 1196 (9th Cir. 1984); and interference with contractual relations, *Sierra Club v. Butz and Humboldt Fir,* 349 F.Supp. 934 (D.C.Cal 1972). As stated in *Video International Production v. Warner-Amex Cable Communications,* 858 F.2d 1075 (5th Cir. 1988), where the court invoked the *Noerr-Pennington* doctrine in concluding that a franchisee could not be held liable for interference with contract, "there is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust." *Video International Production,* 858 F.2d at 1084.

Page 7 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT                                434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

This case is similar to *Barnes Foundation*. In that case, the plaintiff sued a township and private citizens (the Neighbors) for infringing on its constitutional rights "by acting in concert to discriminate against and harass" it. 927 F.Supp. at 875. In essence, the plaintiff alleged that, through selective enforcement of parking regulations and zoning regulations, the defendants prevented it from reopening a business. *Id.* The plaintiff also alleged that the defendants' actions – such as conspiring to keep it from opening its business and acting in concert – interfered with its existing and prospective business relationships. *Id.* As in this case, the plaintiff in *Barnes Foundation* brought a claim against the Township under 42 U.S.C. §1983 claim and claims against the private citizens for interference with current and prospective business relationships. 927 F.Supp. at 875.

Relying on the *Noerr-Pennington* doctrine, the district court granted the private citizens' motions to dismiss the claims against them. In so doing, the court stated that "the claims in the present action all stem from an alleged conspiracy between the various defendants. The crux of the allegations against the Neighbors hinges on their participation in a meeting in which they aired concerns about Barnes." *Barnes Foundation*, 927 F.Supp. at 876. The court concluded that such activity is precisely the type of activity the *Noerr-Pennington* doctrine was meant to protect:

> "'Such behavior is a classic example of activity that the Supreme Court aimed to protect in developing the Noerr-Pennington doctrine. In a representative democracy such as this, these branches of government act on behalf of the people and, to a very large extent, the whole concept of representation depends upon the ability of the people to make their wishes known to their representatives. To hold that the government retains the power to act in this representative capacity and yet hold, at the same time, that people cannot freely inform the government of their wishes would * * * be particularly unjustified.'"

*Id.* at 877, quoting *Noerr*, 365 U.S. at 137, 81 S.Ct. at 529.

Page 8 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT         434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

The court also deemed irrelevant the plaintiff's claim that the petitioning was motivated by racism. *Barnes Foundation*, 927 F.Supp. at 877. As the court stated, under the *Noerr-Pennington* doctrine, "it does not matter what factors fuel the citizen's desire to petition government. As long as there is petitioning activity, the motivation behind the activity is unimportant." *Id.*, citing *Noerr*, 365 U.S. at 139, 81 S.Ct. at 530; *Pennington*, 381 U.S. at 670, 85 S.Ct. at 1593; and *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 380, 111 S.Ct. 1344, 1354, 113 L.Ed.2d 382 (1991) (stating "that a private party's political motives are selfish is irrelevant").

The court's reasoning in *Barnes Foundation* is not an anomaly. Indeed, in *Stern v. United States Gypsum, et al*, 547 F.2d 1329 (7th Cir. 1977), the Seventh Circuit Court of Appeals was faced with a similar set of facts as those in this case. In *Stern*, the plaintiff was an IRS agent performing an audit of the defendant company. During the audit, the defendant company's corporate principals lodged a complaint with the plaintiff's superiors contending that he was unprofessional, and they sought a resolution of the audit through force and threats. *Stern*, 547 F.2d at 1332-33. Believing that the complaint contained knowingly false statements, the plaintiff filed suit against the defendant company and the complaining corporate officers for violation of 42 U.S.C. § 1985 and brought state law tort claims for defamation and malicious interference with contractual rights. *Id.* Although the district court denied the defendants' motions to dismiss, the Seventh Circuit Court of Appeals reversed, concluding that the complaint lodged against the plaintiff was the very public criticism the Constitution was meant to protect.

As stated in *Stern*, "the public criticism of governmental policy and those responsible for government operations is at the very core of the constitutionally protected free speech

Page 9 -- **DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**　　434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

area." *Stern,* 547 F.2d at 1342, citing *Rosenblatt v. Baer,* 383 U.S. 75, 85, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966) and *New York Times v. Sullivan,* 376 U.S. 254, 270, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). As articulated by the court:

> "We think it plain that presenting complaints to responsible government officials about the conduct of their subordinates with whom the complainer has had official dealings is analogously central to the protections of the right to petition. It matters not that the subject of the grievance may not be political, in the sense of raising public policy issues, although we do not say that allegedly unprofessional conduct of IRS officials is not a matter of public interest. But even if it were not, First Amendment protections apply."

*Stern,* 547 F.2d at 1342, 1343, citing *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); *United States Mine Workers of America, District 12 v. Illinois State Bar Association,* 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967); *Thomas v. Collins,* 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed.2d 430 (1945).

As did the court in *Barnes Foundation,* the Seventh Circuit concluded that the corporate officers' alleged motivation for lodging the complaint was irrelevant, regardless of whether their exercise of that right to petition might cause professional injury to the official about whom the complaints were made or even that they may be aware of or pleased by the prospect of such injury. *Stern,* 547 F.2d at 1343. As the court noted, the possibility that a citizen who feels himself to have been abused by a particular federal official may take satisfaction when the official gets his perceived due is too human for First Amendment protection to depend on its absence. *Id.*

Consistent with the reasoning and analysis of the courts in *Stern* and the cases cited therein, plaintiff's claims against Farnham are barred as a matter of law. Plaintiff's claims stem from the two-page memorandum that Farnham provided to Mayor Gormley, which was

Page 10 -- **DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** 434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

critical of plaintiff and some of the policies he had implemented during his tenure as Chief of Police. The memorandum sought redress from the Mayor with regard to citizen complaints against plaintiff as Chief of Police. The actions of Farnham are the very type of petition protected by the First Amendment and the *Noerr-Penington* doctrine and its progeny. It matters not, for constitutional and legal analysis, how Farnham may have felt about plaintiff no longer serving as Chief of Police. What matters is that Farnham sought redress from the government, and his petition seeking redress is protected in this case. Accordingly, Farnham is entitled to judgment in his favor on all claims.

> **Motion #2: Claims Nine (Conspiracy to Defraud), Ten (Conspiracy to Interfere with Contract Rights and Eleven (Conspiracy to Interfere with Prospective Business Relations):**

**B.      As a Matter of Law, Plaintiff Cannot Prevail on His Conspiracy "Claims"**

Farnham is entitled to summary judgment on plaintiff's "conspiracy" claims – the ninth, tenth and eleventh claims for relief – for the alternative reason that Oregon law does not recognize "conspiracy" as an independent theory of recovery. *Granewich v. Harding*, 320 Or. 47, 53, 985 P.2d 788 (1999); *Bonds v. Landers*, 279 Or. 169, 175, 566 P.2d 513 (1977); *Bliss v. Southern Pacific Co.*, 212 Or. 634, 642, 321 P.2d 324 (1958).

Under Oregon law, "conspiracy" is merely one way in which one person can be held jointly liable for another's tortious conduct. *Granewich*, 320 Or. at 53. To bring a claim against one "co-conspirator" for the tortious acts of another, the plaintiff must allege the tort itself; "conspiracy" is merely a means by which to assess the liability of a party who, although not committing the tortious act itself, acted in concert with one who did. *See id.* at 55-57.

Page 11 -- DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT                                                    434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

Plaintiff has alleged claims against Farnham for interference with business relations, interference with contractual relations, and interference with contractual rights. Because his additional "claims" for conspiracy are not cognizable as a matter of law, Farnham is entitled to summary judgment as to those claims.

**Motion #3:    Claim Thirteen (Negligence):**

**C.    As a Matter of Law, Plaintiff Cannot Prevail on a Negligence Claim**

Under Oregon law, a plaintiff who has suffered only economic harm cannot prevail on a claim for negligence without first proving that the defendant had a relationship with or special responsibility toward the plaintiff that resulted in a heightened duty of care. *Conway v. Pacific University*, 324 Or. 231, 240, 924 P.2d 818 (1996); *Harris v. Suniga*, 209 Or. App. 410, 149 P.3d 224 (2006). Such a special responsibility or relationship exists only if the defendant is acting to further the economic interests of the plaintiff, or if the plaintiff has given responsibility and control over the situation at issue to the defendant, such that the defendant is exercising independent judgment on the plaintiff's behalf. *Conway*, 324 Or. at 240-41; *see also Ammons v. Jackson County*, 119 Or. App. 181, 184, 850 P2d 376, *rev den*, 318 Or. 24 (1993) ("The common thread in the special relationships that the Supreme Court has recognized as giving rise to a duty of care to protect against purely economic loss is that the [defendant] is acting, at least in part, to further economic interests of the person to whom the duty is owed.").

Here, as alleged, plaintiff's injuries are purely economic; he has not claimed any harm to his person or his property as a result of Farnham's actions. Plaintiff does not allege and cannot prove that Farnham was ever acting to further plaintiff's economic interests, or that plaintiff had placed his economic interests in Farnham's hands or asked him to exercise independent judgment on his behalf. Accordingly, Farnham did not owe plaintiff a duty of

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

care to protect him against the purely economic harm he has alleged and, therefore, Farnham is entitled to judgment in his favor on plaintiff's thirteenth claim for relief.

### Motion #4: Claim Five (Interference with Contract Rights) and Six (Interference with Prospective Business Relations)

**D. No Reasonable Jury Could Find in Plaintiff's Favor on His Claims for Interference with Contract Rights and/or Business Relations**

In his fifth and sixth claims for relief, plaintiff seeks to recover damages from Farnham for interference with contract rights and interference with business relations, respectively. The former is based on plaintiff's contract with the City of McMinnville to serve as Chief of Police, while the latter is based on his application for the position of Chief of Police for the City of Salem. Because plaintiff cannot prove that any action of Farnham either led to his departure from the City of McMinnville or led the City of Salem to not offer him the job as Chief of Police, Farnham is entitled to judgment as a matter of law on both claims.

To maintain a claim for interference with contract, a plaintiff must prove an injury to a contractual relationship. *Banaitis v. Mitsubishi Bank Ltd.*, 129 Or. App. 371, 381, 879 P.2d 1288, 1296 (1994), citing *Lewis v. Oregon Beauty Supply Co.*, 302 Or. 616, 621, 733 P.2d 430 (1987). The injury requirement may be satisfied by proof that the defendant caused a third party actually to breach its contract with the plaintiff or by proof that the defendant's wrongful actions have rendered the plaintiff's obligations more onerous or prevented the plaintiff from realizing the full benefit of his contract with the third party. *Banatis*, 129 Or. App. at 1296, citing *American Sanitary Service v. Walker*, 276 Or. 389, 393, 554 P.2d 1010 (1976).

Similarly, to maintain a claim for interference with business relations, a plaintiff must prove the existence of a professional or business relationship, intentional interference with that relationship, by a third party, accomplished through improper means or for an improper purpose, a causal effect between the interference, and damage to the economic

Page 13 - **DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** 434739

relationship and damages. *Porter v. Oba, Inc.,* 180 Or.App. 207, 213, 42 P.3d 931 (2002), quoting *McGanty v. Staudenrause,* 321 Or. 532, 535, 901 P.2d 841 (1995). The elements for Plaintiff's Fourth and Fifth Claims for Relief are similar and fail as a matter of law for the same reason.

In this case, plaintiff can't prove any causal connection between Farnham's actions and his termination as Chief of Police for the City of McMinnville and/or his failure to be selected as Chief of Police for the City of Salem. Quite simply, there is no evidence that Farnham's actions had any impact on plaintiff's employment with either McMinnville or Salem. Specifically, no City of McMinnville employee or staff member has ever testified that Farnham's alleged actions lead to plaintiff's termination as Chief of Police, nor has any City of Salem employee or staff member ever testified that Farnham's alleged actions led to plaintiff not being considered for the Chief of Police opening with the City of Salem. Indeed, plaintiff admittedly has no idea why he was not offered the position of Chief of Police with the City of Salem. Because plaintiff cannot prove a necessary element of his intentional interference claims, Farnham is entitled to judgment in his favor on the fourth and fifth claims for relief.

**Motion #5: Claim Fourteen (Defamation):**

**E. No Reasonable Jury Could Find in Plaintiff's Favor on His Claim for Defamation**

In addition to being barred by the *Noerr-Pennington* doctrine as argued above, plaintiff's defamation claim fails for other reasons as well. First, to the extent that plaintiff's claim is based on Farnham's two-page memorandum or comments made therein, the statements in that memo are protected statements of opinion on matters of public interest and as such are not actionable. Second, plaintiff cannot prove by clear and convincing evidence that Farnham acted with actual malice as to any allegedly defamatory statement,

Page 14 - DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT                                         434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

which he must do to prevail on his claim. Accordingly, Farnham his entitled to judgment as a matter of law on plaintiff's defamation claim.

### 1. Any statements attributed to Farnham are protected opinions

To prevail on his claim for defamation, plaintiff must plead and prove that, among other things, Farnham made a defamatory statement about him and that the statement was published to a third party. See *Downs v. Waremart, Inc.*, 324 Or. 307, 926 P.2d 314 (1996). A defamatory communication is one that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Brown v. Gatti*, 341 Or. 452, 458, 145 P.3d 130 (2006). In any defamation action, the threshold question for the court is whether the statement can be the basis for a defamation action. Whether a communication is capable of a defamatory meaning is a question for the court. *Haas v. Painter*, 62 Or.App. 719, 723, 662 P.2d 768 (1983); *Beecher v. Montgomery Ward*, 267 Or. 496, 500, 517 P.2d 667 (1973).

When alleged defamatory statements involve a matter of public concern, as in this case, the First Amendment imposes upon the plaintiff the burden of proving that the statements were false. *Hickey v. Capital Cities/ABC Inc.*, 792 F.Supp. 1195 (D. Or. 1992), citing *Philadelphia Newspapers Inc. v. Hepps*, 475 U.S. 767, 776, 106 S.Ct. 1558, 1563, 9 L.Ed.2d 783 (1986). A statement of opinion that involves a matter of public concern similarly receives receive full constitutional protection under the First Amendment, unless the statement includes a provably false factual connotation. *Id.*

As alleged in his Amended Complaint, plaintiff's defamation claim incorporates paragraph 12, in which he alleges:

> "In August or September 2005, Farnham met privately with Gormley at his plumbing office and delivered a two-page review of Chief McFarlin prepared from the efforts by Farnham and Brown/PSLM that included false statements about the Chief and false allegations

Page 15 - **DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**  434739

of violations of city policy. Gormley again kept this public record at his private plumbing office, and did not provide this public record to the City, City Councilors, or to Chief McFarlin, in violation of law."

He also alleges that "each Defendant made one or more defamatory statements about the Chief that were false and that were communicated to a third party." Am. Comp. ¶ 66. Lastly, when pressed at his deposition as to the nature of the defamatory statements made by Farnham, plaintiff testified that Farnham told others that plaintiff lied to him and that plaintiff was an ineffective leader.

As to the two-page memorandum, the written statements in the memorandum are statements of opinion on matters of public concern–plaintiff's qualifications and/or performance as chief of police – and, thus, are not actionable. The memorandum expressly characterizes Farnham's statements as "my conclusions" and "my concerns," and he uses the phrase "I question" when discussing his opinions about plaintiff.

As for Farnham's alleged oral statements, whether Farnham believes plaintiff is an effective leader and/or was not truthful in dealing with him, those again are statements of opinion that are not actionable. Under the law in Oregon and elsewhere, such statements of opinions are protected. See Hickey v. Capital Cities/ABC, 792 F.Supp.1195 (D.Or. 1992) (describing plaintiff's business as "low" and "rotten" and "repulsive" was protected opinion); Hickey v. Settlemier, 141 Or.App. 103, 917 P.2d 44 (1996) (statements that plaintiff's business of holding animals for research was inhumane were protected opinions); see also Hawkins v. Oden, 459 A.2d 481 (RI 1983) (statements that state senator was reaching into the public till with both hands and stealing money were protected public opinions); Sierra Breeze v. Superior Court, 86 Cal App 3d 102 (1978) (comments that county supervisor was squandering public money were protected public opinions); Lukashok v. Concerned Citizens of North Salem, 160 A.D.2d 685, 554 N.Y.S.2d 39 (1990)(describing filing of lawsuit as terrorism was protected public opinion).

Page 16 - DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT                 434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

In this case, the statements that Farnham made in the memorandum and/or allegedly said to others were his opinions as to plaintiff's ability to serve as Chief of Police. As such, those statements are protected as a matter of law.

2. **Farnham did not act with actual malice**

A public official, as plaintiff is in this case, must prove the existence of actual malice by clear and convincing proof in order to recover on a defamation claim. *Lonsdale v. Swart*, 143 Or. App. 331, 339, 922 P.2d 1263, 1268 (1996), citing *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Actual malice is not and will not be presumed. *Id*. To show actual malice, a plaintiff must show that the statement was made with knowledge that it was false or with reckless disregard of whether it was false. *Koch v. Laborico*, 66 Or.App. 78, 82, 674 P.2d 602 (1984), referencing *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, L.Ed.2d 262 (1968)(stating "the reckless disregard part of the actual malice test is a subjective rather than an objective standard. Reckless conduct is not measured by whether a reasonably prudent person would have published or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of the publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice").

Because plaintiff undeniably is a public official, he cannot prevail on his defamation claim absent proof that Farnham acted with malice-i.e. with knowledge that his statements were false or with reckless disregard of whether the statements were false. No such proof exists in this case. Again, assuming that plaintiff's claim is based on Farnham's memorandum and/or the statements listed above, Farnham has repeatedly testified that he spoke with 10 and 20 people prior to writing that memorandum and that each person told him something about his or her respective dealings with plaintiff. Farnham then incorporated those comments into the memorandum. Farnham thus did not create the

Page 17 - **DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**  434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

memorandum out of whole cloth but based it on the shared experiences of up to 20 people with whom he spoke. Indeed, Farnham testified that he had no reason to believe anything he wrote was untruthful.

Even assuming plaintiff could overcome all of the other legal and evidentiary hurdles to get his defamation claim to a jury, no reasonable jury could find that Farnham acted with malice. Accordingly, he is entitled to judgment as a matter of law on plaintiff's defamation claim.

## CONCLUSION

For the reasons stated above, the court should grant Farnham's motions for summary judgment.

DATED: October 12, 2007

                                          COSGRAVE VERGEER KESTER LLP

                                          */s/*

Walter H. Sweek, OSB No. 62092
Wendy M. Margolis, OSB No. 94567
James M. Maldonado, OSB No. 00078
Telephone: (503) 323-9000
Fax: (503) 323-9019
E-mail: wsweek@cvk-law.com
E-mail: Margolis@cvk-law.com
E-mail: jmaldonado@cvk-law.com
Of Attorneys for Defendant Farnham
Trial Attorney: Walter Sweek  OSB No. 62092

Page 18 - DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

434739

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT WALDO FARNHAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** on the date indicated below by

☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Terrence Kay
Terrence Kay PC
3155 River Rd. S. Suite 150
Salem, OR 97302
Attorneys for Plaintiff

Karen O'Kasey
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205
Attorneys for Defendants Gormley and City of McMinnville

Robert S. Wagner
Miller & Wagner LLP
2210 NW Flanders Street
Portland, OR 97210-3408
Attorneys for Defendants Rod Brown and Public Safety Liability Management

DATED: October 12, 2007

/s/ James M. Maldonado

Page 1 -- CERTIFICATE OF SERVICE

434739