Walter H. Sweek, OSB No.62092
Internet e-mail: wsweek@cvk-law.com
Wendy M. Margolis, OSB No. 94567
Internet e-mail: Margolis@cvk-law.com
James M. Maldonado, OSB No. 00078
Internet e-mail: jmaldonado@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone: (503) 323-9000
Facsimile: (503) 323-9019
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM,<br><br>　　　　　Defendants. | Case No.: 3:06 CV 01594-HU<br><br>**CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Waldo Farnham provides the following Statement of Facts in Support of his Motion for Summary Judgment.

　　1.　　Plaintiff was hired as the Chief of Police for the City of McMinnville in June of 2000. (First Amended Complaint at ¶2).

Page 1 - **CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT**　　　　479828

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

2. In the middle of September, 2005, he applied for the position of Chief of Police for the City of Salem. (Exhibit 1 to the Declaration of James Maldonado at 65:2 to 65:5)[1].

3. In the middle of October, plaintiff advised City Manager Kent Taylor that he was a finalist for the City of Salem Chief of Police position. (Exhibit 1 to Maldonado Declaration at page 69:25 to 70:11).

4. In October of 2005, Mayor Gormley was informed by the head of the police union that there was the possibility of a no confidence vote in regard to plaintiff's ability to serve as Chief of Police. Gormley also learned from Jeb Bladine, the publisher of the local paper, that an article critical of the chief may run in the local paper. (Exhibit 2 to Maldonado Declaration at 21:24 to 25:8, 68:2 to 69:25).

5. Gormley thought that those events would negatively affect plaintiff's possible employment with the City of Salem. (Exhibit 2 to Maldonado Declaration at 31:11 to 32:3).

6. On October 24, 2005, plaintiff met with Mayor Gormley, City Manager Kent Taylor and Council President Rick Olson. (Exhibit 3 to Maldonado Declaration at 22:8 to 22:19).

7. The purpose of the meeting was to discuss complaints about plaintiff's performance, a vote of no confidence by the rank and file of the police department as well as a possible damaging newspaper article about the chief and its impact on his candidacy for the Chief of Police job with the City of Salem. (Exhibit 2 to Maldonado Declaration at 21:24 to 22:8).

---

[1] All exhibits are attached to the Declaration of James M. Maldonado.

Page 2 - **CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT**

479828

8. On October 25, 2005, the day after the October 24, 2005, meeting, plaintiff submitted a written letter of resignation which stated his last day of work would be November 30, 2005. (Exhibit 1 to Maldonado Declaration at 79:17 to 79:20, 80:3 to 80:19 and 82:24 to 83:10).

9. As part of his negotiations, Plaintiff negotiated severance pay and medical benefits. (Exhibit 1 to Maldonado Declaration at 54:12 to 54:22, 56:5 to 56:8 and 129:5 to 129:12).

10. On October 28, 2005, Plaintiff signed a document entitled "Resignation and Separation Agreement and Release of Claims." (Exhibit 4 to Maldonado Declaration).

11. On November 14, 2005, Plaintiff learned that he was not chosen as the Chief of Police for the City of Salem. (Exhibit 1 to Maldonado Declaration at 77:21 to 77:23).

12. Plaintiff has no information from any source as to why he was not chosen as the Chief of Police for the City of Salem. (Exhibit 1 to Maldonado Declaration at 78:5 to 78:23).

13. Waldo Farnham is 72 years old, has lived in the greater McMinnville area for 71 years. Farnham is the sole owner of Farnham Electric in McMinnville and has been the sole owner since 1968. (Exhibit 5 to Maldonado Declaration at 9:12 to 10:5, Maldonado Declaration at ¶3).

14. In May of 2005, Waldo Farnham requested that a drug sniffing dog be purchased by the City to sniff for drugs at the local high school. (Exhibit 5 to Maldonado Declaration at 61:4 to 61:9 and 62:25 to 63:17).

15. Farnham spoke with both the Mayor and plaintiff about the request and

Page 3 - **CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT**

479828

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

informed plaintiff of two available drug dogs in Yamhill County. (Exhibit 5 to Maldonado Declaration at 62:25 to 63:17).

16. After making the request, however, Farnham attended a school board meeting in which plaintiff stated that no drug dogs were available. (Exhibit 5 to Maldonado Declaration at 62:25 to 63:17).

17. This angered Farnham as he had already spoken to plaintiff about drug dogs available in Yamhill County. It was at this time that Farnham started his investigation into plaintiff's accomplishments. (Exhibit 5 to Maldonado Declaration at 61:4 to 61:16).

18. In investigating plaintiff's accomplishments, Farnham spoke with between 10 and 20 people. Of the people he spoke with, four were members of the police force. (Exhibit 5 to Maldonado Declaration at 39:2 to 39:6 and 43:20 to 43:24).

19. Farnham's review of plaintiff's accomplishments was done solely as a citizen of the City of McMinnville and lasted from May of 2005 to October of 2005. (Exhibit 5 to Maldonado Declaration at 37:1 to 37:21).

20. No one ever asked Farnham to perform his evaluation. (Exhibit 5 at 39:7 to 39:15).

21. After meeting with several people, Farnham authored a two-page memorandum addressed to Mayor Gormley detailing his meetings with several people and his own opinion of plaintiff's ability to lead the McMinnville Police Department. (Exhibit 5 of Maldonado Declaration at 24:22 to 25:22, Exhibit 6 to Maldonado Declaration).

22. Plaintiff's defamation claim against Farnham stems from the two page memorandum. (Exhibit 1 to Maldonado Declaration at 231:13 to 231:18).

Page 4 - **CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT**   479828

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

23. According to Plaintiff, his defamation claim against Farnham is based on Farnham's statements that Farnham told others plaintiff lied to him and that plaintiff was ineffective as chief. (Exhibit 1 to Maldonado Declaration at 231:2 to 231:8).

24. Plaintiff believes the two-page memorandum contains false allegations. (Exhibit 1 to Maldonado Declaration at 231:12 to 231:21).

25. Farnham had no reason to believe that anything stated in the two page memorandum was untruthful. (Exhibit 5 to Maldonado Declaration at 25:18 to 25:22).

DATED: October 12, 2007

COSGRAVE VERGEER KESTER LLP

*[signature]*

Walter H. Sweek, OSB No. 62092
Wendy M. Margolis, OSB No. 94567
James M. Maldonado, OSB No. 00078
Telephone: (503) 219-3816
Fax: (503) 323-9019
E-mail: wsweek@cvk-law.com
E-mail: Margolis@cvk-law.com
E-mail: jmaldonado@cvk-law.com
Of Attorneys for Defendant Farnham
Trial Attorney: Walter Sweek  OSB No. 62092

Page 5 - **CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT**  479828

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT on the date indicated below by:

☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Terrence Kay
Terrence Kay PC
3155 River Rd. S. Suite 150
Salem, OR 97302
Attorneys for Plaintiff

Karen O'Kasey
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205
Attorneys for Defendants Gormley and City of McMinnville

Robert S. Wagner
Miller & Wagner LLP
2210 NW Flanders Street
Portland, OR 97210-3408
Attorneys for Defendants Rod Brown and Public Safety Liability Management

DATED: October 12, 2007

_____
James M. Maldonado

Page 1 - **CERTIFICATE OF SERVICE**                                       479828

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT FARNHAM'S MOTION FOR SUMMARY JUDGMENT on the date indicated below by:

☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Terrence Kay
Terrence Kay PC
3155 River Rd. S. Suite 150
Salem, OR 97302
Attorneys for Plaintiff

Karen O'Kasey
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205
Attorneys for Defendants Gormley and City of McMinnville

Robert S. Wagner
Miller & Wagner LLP
2210 NW Flanders Street
Portland, OR 97210-3408
Attorneys for Defendants Rod Brown and Public Safety Liability Management

DATED: October 12, 2007

_____
James M. Maldonado

Page 1 - **CERTIFICATE OF SERVICE**                                       479828

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000