Terrence Kay
OSB#814375
Terrence Kay, P.C.
3155 River Road S, Suite 150
Salem, OR 97302-9836
Telephone: 503/588-1944
Fax: 503/588-1946
Email: Terrence@kaylawfirm.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN<br><br>Plaintiff,<br>v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM<br><br>Defendants. | Case No. 3:06-CV-1594-HU<br><br>**PLAINTIFF CONCISE STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS GORMLEY AND CITY OF McMINNVILLE MOTION FOR SUMMARY JUDGMENT** |

1. The McMinnville City Council is a public body which makes decisions by voting on matters (Ex. 42, p. 17). The City charter authorizes the City Council to hire and fire the chief of police and to set the terms and conditions of employment (Ex. 42, pp. 30-31). McFarlin understood the City Council would have to decide as a body to seek his resignation under threat of being fired (Ex. 40, ¶4). Although not disclosed to McFarlin before his resignation was demanded as a need for the City, Exhibit 2 states Gormley's contemplation and conclusion of

Page 1 -- Plaintiff Concise Statement of Additional Material Facts in Opposition to Defendants Gormley and City of McMinnville Motion for Summary Judgment

H:\McFARLIN\ConcStmtCity110807.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944  Fax: 503/588-1946
Email: terrence@kaylawfirm.com

McFarlin's termination from employment a month before it was requested.

2. McFarlin was called to a meeting on the October 24, 2005, with Gormley, Olson and Taylor where McFarlin was directed to resign despite not receiving any notice about the purpose of the meeting (Ex. 40, ¶8; Ex. 41, pp. 83-84). Gormley almost immediately asked for McFarlin's resignation (Ex. 40, ¶8; Ex. 41, p. 102) and implied McFarlin must do so or be fired, even using the words "we" which McFarlin understood as the City Council (Ex. 41, pp. 122-124; Ex. 43, p. 35). Gormley was forceful stating "we" need your resignation (Ex. 40, ¶8; Ex. 41, p. 218), and gave no other reason for the demanded resignation (Ex. 41, pp. 120-121). Olson and Taylor were silent and did not correct Gormley's statements (Ex. 41, p. 121). Olson states Gormley did tell McFarlin that his resignation was needed and the three of them were asking for it (Ex. 43, pp. 35, 54-55, 124), which Taylor confirmed (Ex. 44, pp. 54-55).

3. McFarlin had to leave the meeting for an appointment about his wife's serious medical condition (Ex. 40, ¶7; Ex. 41, pp. 130-131). Gormley was persistent that McFarlin give his resignation letter (Ex. 41, pp. 137-138). Gormley rejected McFarlin's request for two months to get through the Salem police chief finalist process (Ex. 41, pp. 127-128) and also rejected his request to stay through November (Ex. 41, pp. 134-135). Taylor admitted McFarlin had no notice of this contemplated action which required due process but was not given (Ex. 44, p. 156).

4. McFarlin was never told in the October 24 meeting, which remained intentionally concealed from him prior to the demand for his resignation and signing of the Resignation and Release Agreement, (Ex. 40, ¶8) that: 1) City Council never held a meeting to discuss or authorize his termination or even to demand his resignation (Ex. 40, ¶¶8, 11); 2) Gormley concealed at his private plumbing office four written complaints about McFarlin containing demands for his resignation and false defamatory statements which he should have received (Ex. 40, ¶¶8, 10-12; see also Ex. 2, 3, 4 and 18); 3) an effort was underway to obtain an interim chief prior to his resignation, (Ex. 45, pp. 106-108; Ex. 52, p. 6); 4) that his termination was being

Page 2 – Plaintiff Concise Statement of Additional Material Facts in Opposition to Defendants Gormley and City of McMinnville Motion for Summary Judgment
H:\McFARLIN\ConcStmtCity110807.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com

requested at an October 21, 2005, meeting between Gormley, Olson, Rod Brown, Waldo Farnham and Taylor (Ex. 43, pp. 83-84) and Gormley's representation to McFarlin the resignation was demanded because a union vote of no confidence was scheduled in 72 hours (Ex. 40, ¶15: Ex. 41, pp. 105-106) was false and the union had not even decided to set a vote (Ex. 51, pp. 23-24), and 5) Gormley did not disclose as part of the demand for his resignation which McFarlin reasonably believed was authorized by the Council that the local newspaper owner Mr. Bladine had threatened an article might appear about McFarlin (Ex. 42, pp. 71-72), which Gormley did not reveal to McFarlin (Ex. 40, ¶11; Ex. 41, pp. 87-88).

5. McFarlin believed in response to Gormley's uncorrected statements that "we" want your resignation, and that he must resign or be fired (Ex. 40, ¶8). McFarlin further reasonably believed the honesty and truth of the officials he was meeting with relying on the truth of what was stated and the absence of material facts which he learned later had been concealed from him (Ex. 40, ¶8, 11-12). Gormley testified he did not ask McFarlin to resign or that "we" need your resignation (Ex. 42, pp. 40, 42; Ex. 40 ¶8). Gormley testified his purpose in meeting with McFarlin were in McFarlin's best interests and his candidacy (Ex. 42, pp. 31-32, 34), and Olson says in the meeting no one told McFarlin the purpose of the meeting was to look out for his welfare and protect his candidacy for the Salem job (Ex. 43, p. 126).

6. Gormley told McFarlin in the meeting demanding his resignation a police union vote of no confidence was set (Ex. 40, ¶8-9; Ex. 42, p. 45). Union President Scales testified the Union meeting was set after he met with Gormley and Rod Brown and could not have discussed that meeting, and there was not a vote of no confidence scheduled to be voted on (Ex. 51, pp. 24-25). Union President Scales had actually told Gormley and Rod Brown there was only a meeting to talk about a vote. Scales did not tell Gormley a vote of no confidence was scheduled or even a decision to have a vote (Ex. 51, pp. 27-28).

7. City Council President Olson said all the information Gormley had about McFarlin

Page 3 – Plaintiff Concise Statement of Additional Material Facts in Opposition to Defendants Gormley and City of McMinnville Motion for Summary Judgment
H:\McFARLIN\ConcStmtCity110807.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com

when McFarlin was asked to resign (including the complaints, Exhibits 2, 3, 4 and 18) should have been disclosed to McFarlin to assess the situation, and be treated with openness, honesty and disclosure at the City when it involved his career (Ex. 43, pp. 97-98). Olson did not believe the Council had authorized the resignation demand, but did not disclose that to McFarlin although McFarlin had the impression they were speaking for the Council (Ex. 43, pp. 54-55, 59). Olson admits McFarlin should have been given the complaints regarding his conduct before he dealt with the demand for his resignation and also that Council did not authorize them (Ex. 43, pp. 97-98 and 195-199). Olson admits the withholding of the complaint letter (Ex. 3) from City Council would be an abuse of authority, as would withholding other documents from Council, and admits Gormley should have provided those to City Council before being involved in a request for McFarlin's resignation (Ex. 43, pp. 156-157, 161-162).

8. Being asked to resign and before signing the Separation Agreement, McFarlin understood the Council had to act as a majority body to demand his resignation (Ex. 40, ¶4). McFarlin saw the Council was lead strongly by Gormley to the point where it followed Gormley as a custom or practice, as illuminated when Gormley testified "I am the City" (Ex. 40, ¶5, Ex. 42, p. 185). When asked to resign, McFarlin asked for more time because it would end the likelihood of him being selected as Chief in Salem, which was denied (Ex. 40, ¶6).

9. McFarlin believed a police union vote of no confidence was scheduled to occur as a reason Gormley gave for the demanded resignation, which he McFarlin later learned was false (Ex. 40, ¶8).

10. Under the City's employment policies, while McFarlin's termination was being contemplated, he was entitled the right to due process with written notice of the charges and facts, the right to refute those and the right to be represented by an attorney. (Ex. 40, ¶10; Ex. 15). If McFarlin was informed about the truth of the union vote and about the non-disclosures or concealed facts, documents and events, he would not have resigned or signed the Separation

TERRENCE KAY, P.C.
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944  Fax: 503/588-1946
Email: terrence@kaylawfirm.com

Agreement (Ex. 40, ¶¶8, 9, 12, 14 and 16). McFarlin relied on the truth of what he was told and the absence of the material facts and events concealed from him, when he was induced to sign a letter of resignation and Separation Agreement which he would not have otherwise done (Ex. 40, ¶¶16, 17). McFarlin had a genuine belief he could trust the honesty of these public officials, under their oath and the City Ethics Policy stated in Exhibit 15 (Ex. 40, ¶¶ 16, 17).

11. McFarlin was never informed nor advised to seek independent counsel before signing the resignation or Separation Agreement (Ex. 101) and believed the City Attorney would make sure there was nothing improper or unauthorized, certainly nothing fraudulent about the way his resignation was obtained (¶18). The Separation Agreement does not state McFarlin releases any claims for "fraud, non-disclosure or concealment" or for "violation of due process." (Ex. 40, ¶18; Ex. 101). If McFarlin were informed about the falsity of what Gormley said and informed about the facts concealed from him, he would never have resigned or signed the Separation Agreement and has offered in demanding rescission to pay back the severance pay provided to him. (Ex. 40, ¶18).

12. Notice of tort claims to Gormley and the City was made in writing in April 2006 and by filing claims in March (*Exhibit 10*), and thereafter on October 19, 2006 (*Exhibit 59*), as to notice for Defendants Brown, CCIST and PSLMI within six months Plaintiff learned of the identity and actions by those Defendants giving rise to liability after depositions and documents were provided in the case, by written notice October 19, 2006 (Ex. 40, p. 19).

Dated this 12th day of November, 2007.

_____
Terrence Kay
Terrence Kay, P.C.
OSB #814375
503/588-1944
Attorney for Plaintiff

Page 5 – Plaintiff Concise Statement of Additional Material Facts in Opposition to Defendants Gormley and City of McMinnville Motion for Summary Judgment
H:\McFARLIN\ConcStmtCity110807.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2007, I served the foregoing PLAINTIFF CONCISE STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS GORMLEY AND CITY OF McMINNVILLE MOTION FOR SUMMARY JUDGMENT on the following parties:

Karen O'Kasey
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205
*Fax: (503) 222-2301*
    *Of Attorneys for Defendants Gormley and City of McMinnville*

Mr. Robert S. Wagner
Miller & Wagner LLP
2210 NW Flanders Street
Portland, OR 97201
*Fax: (503) 299-6106*
    *Of Attorneys for Defendants Brown, CCIST and PSLM*

Walter Sweek
Cosgrave Vergeer Kester LLP
805 SW Broadway 8th Floor
Portland, OR 97205
*Fax: (503) 323-9019*
    *Of Attorneys for Defendant Farnham*

by electronic means through the Court's Case Management/Electronic Case File system.

Terrence Kay, P.C., OSB #814375
Attorney for Plaintiff

Page 6 – Plaintiff Concise Statement of Additional Material Facts in Opposition to Defendants Gormley and City of McMinnville Motion for Summary Judgment

H:\McFARLIN\ConcStmtCity110807.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944  Fax: 503/588-1946
Email: terrence@kaylawfirm.com