Terrence Kay
OSB#814375
Terrence Kay, P.C.
3155 River Road S, Suite 150
Salem, OR 97302-9836
Telephone: 503/588-1944
Fax: 503/588-1946
Email: Terrence@kaylawfirm.com

<u>Attorney for Plaintiff</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN<br><br>　　　　Plaintiff,<br>　v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM<br><br>　　　　Defendants. | Case No. 3:06-CV-1594-HU<br><br>**PLAINTIFF RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS BY DEFENDANTS GORMLEY AND CITY OF McMINNVILLE** |

　　　　Plaintiff responds to the Concise Statement of Material Facts by Defendants Gormley and City of McMinnville pursuant to LR 56.1(b) in opposition to said Defendants' Motion for Summary Judgment, and as set forth in Plaintiff's separate Concise Statement of Material Facts as to these Defendants:

Page 1 – Plaintiff Response to Concise Statement of Material Facts by Defendants Gormley and
　　　　City Of McMinnville

G:\1-WP\McFARLIN\Resp&AddFactsCity110507.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944　Fax: 503/588-1946
Email: terrence@kaylawfirm.com

1. Agree.

2. Agree, but the facts are not relevant to the determination of this Motion.

3. Agree, but the facts are not relevant to the determination of this Motion.

4. Disputes sentence one and not relevant to this Motion. Disputes sentence two and not relevant to this Motion. For sentence three, disputes Plaintiff responsible for "drafting" and the facts are not relevant to the Motion. Sentence four is not relevant to this Motion, as to these collective bargaining agreement subjects since Plaintiff was a management level officer and not a union member. Disputes sentence five and facts not relevant to this Motion. Agree with sentence 6 but facts not relevant to this Motion.

5. For sentence one, deny the police association "was going to take a vote of no confidence against plaintiff" and deny the local newspaper "was going to publish an article critical of plaintiff and the department." For the second sentence, agree, and Plaintiff told City Manager Taylor in June 2005 (Ex. 41, p. 66).

6. Agree Gormley testified to that effect but deny it was true and that Gormley stated that concern to McFarlin.

7. Agree there was a meeting with those individuals but deny Gormley was told there was a "vote of no confidence and a proposed article."

8. Agree with sentence one. Deny Gormley told Plaintiff "about the potential vote of no confidence," Plaintiff testified Gormley said "they have scheduled a vote of no confidence to take place." (Ex. 41, p. 106). Agree McFarlin testified to the quoted phrase about the embarrassment of going through that in sentence two. For sentence three, agree they didn't say in that meeting "if you don't resign, you're going to be fired" and otherwise dispute.

9. As to sentence one, Plaintiff testified it was his "understanding" that Gormley meant

Page 2 – Plaintiff Response to Concise Statement of Material Facts by Defendants Gormley and City Of McMinnville

G:\1-WP\McFARLIN\Resp&AddFactsCity110507.1sn.doc
**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com

"the Council" by using the word "we," saying "it was clear what he meant by 'we,'" and otherwise dispute (Ex. 41, p. 124). As to sentence two, agree Plaintiff testified Gormley did not state "the counsel had asked him to request his resignation" and otherwise dispute.

10. Agree Plaintiff submitted a draft letter of resignation, but that a letter was requested.

11. Agree with sentences one, two, and three. As to sentence four, agree to a desire to have the release be mutual as stated in sentence five and otherwise dispute. As to sentences six and seven, agree severance pay was requested, the final amount was three months, and a lump sum for retirement purposes. As to sentence eight, agree.

12. Agree with sentences one, two, three, and four. Agree with sentence five except, although Plaintiff genuinely believed the City Attorney had made sure there was nothing improper or unauthorized, and certainly nothing fraudulent about the way his resignation was demanded, to make sure this was done properly for the City's and his protection as a public official (Ex. 40, p. 18). As to sentence six, agree Plaintiff testified he understood it was an agreement not to bring civil action at that time.

13. Agree with sentence one. Agree with sentence two as to October 28 and otherwise dispute. Agree with sentence three.

14. Agree.

15. As to sentence one, agree although Plaintiff was "not sure" if the discussion was October 25 or 26, he's "not sure" (Ex. 41, p. 140). As to sentence two, agree Plaintiff did not seek out Councilors before he signed the resignation letter and dispute it was "his assumption" the Mayor was speaking for the Council, which was Plaintiff's "understanding" (Ex. 41, p. 124).

16. Agree with sentence one. Agree with sentence two except as to Plaintiff's opinion based on his experience as to why he was not able to be considered for that job after his employment as Chief was terminated (Ex. 40, ¶6).

Page 3 – Plaintiff Response to Concise Statement of Material Facts by Defendants Gormley and City Of McMinnville

G:\1-WP\McFARLIN\Resp&AddFactsCity110507.1sn.doc
**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com

17. Deny Gormley was not acting for himself and "acted only in his capacity as the City's Mayor" as to the events and actions involving Plaintiff's employment termination and resignation in September and October 2005, and otherwise agree.

18. Agree as to payments under the Separation Agreement, but otherwise deny as to wages and benefits which would be due or received if the employment was not terminated.

19. Agree to the extent stated in Plaintiff's testimony, the testimony of Springer and Plaintiff's Affidavit as to sentence one. As to sentence two, dispute Council Springer only heard the statements. As to sentence three, agree Springer used the terms "buy into" the statements by Gormley.

Plaintiff also incorporates herein each and every fact contained in the Concise Statement of Material Facts Submitted in Response to the Motion for Summary Judgment by these Defendants.

Dated this 13th day of November, 2007.

*/s/* Terrence Kay
Terrence Kay
Terrence Kay, P.C.
OSB #814375
503/588-1944
Attorney for Plaintiff

Page 4 – Plaintiff Response to Concise Statement of Material Facts by Defendants Gormley and City Of McMinnville

G:\1-WP\McFARLIN\Resp&AddFactsCity110507.1sn.doc

**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2007, I served the foregoing PLAINTIFF RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS BY DEFENDANTS GORMLEY AND CITY OF McMINNVILLE on the following parties:

> Karen O'Kasey
> Hoffman Hart & Wagner LLP
> 1000 SW Broadway, Suite 2000
> Portland, OR 97205
> *Fax: (503) 222-2301*
> > *Of Attorneys for Defendants Gormley and City of McMinnville*
>
> Mr. Robert S. Wagner
> Miller & Wagner LLP
> 2210 NW Flanders Street
> Portland, OR 97201
> *Fax: (503) 299-6106*
> > *Of Attorneys for Defendants Brown, CCIST and PSLM*
>
> Walter Sweek
> Cosgrave Vergeer Kester LLP
> 805 SW Broadway 8th Floor
> Portland, OR 97205
> *Fax: (503) 323-9019*
> > *Of Attorneys for Defendant Farnham*

by electronic means through the Court's Case Management/Electronic Case File system.

Dated this 13th day of November, 2007.

> > */s/* Terrence Kay
> > Terrence Kay
> > Terrence Kay, P.C.
> > OSB #814375
> > 503/588-1944
> > Attorney for Plaintiff

Page 5 – Plaintiff Response to Concise Statement of Material Facts by Defendants Gormley and City Of McMinnville

G:\1-WP\McFARLIN\Resp&AddFactsCity110507.1sn.doc
**TERRENCE KAY, P.C.**
*Attorney at Law*
3155 River Road S., Suite 150 - Salem, OR 97302
Telephone: 503/588-1944   Fax: 503/588-1946
Email: terrence@kaylawfirm.com