Karen O'Kasey, OSB No. 870696
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone:	(503) 222-4499
Facsimile:	(503) 222-2301
Email:	kok@hhw.com

<u>Of Attorneys for Defendants Gormley
and City of McMinnville</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE MCFARLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDWARD GORMLEY, an individual; CITY ) <br> OF MCMINNVILLE, a Municipal ) <br> Corporation; CITY COUNTY INSURANCE ) <br> SERVICES TRUST; ROD BROWN, an ) <br> individual; PUBLIC SAFETY LIABILITY ) <br> MANAGEMENT INC., an Oregon ) <br> corporation; WALDO FARNHAM, ) <br> ) <br> Defendants. ) | No. 3:06-CV-1594-HU <br><br> DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT |

LOCAL RULE 7.1 CERTIFICATION

The undersigned herein certifies that she has conferred with plaintiff's counsel regarding the subject matter of these motions and that the court's ruling on these motions is necessary.

MOTIONS TO STRIKE

Defendants move to strike the following exhibits and testimony offered by plaintiff in support of his response to Defendants' Motion for Summary Judgment.

1.	<u>Motion No. 1 – Exhibit 10.</u>

Exhibit 10 to plaintiff's counsel's declaration is a "Public Statement by Former Police

Page 1 -	DEFENDANTS EDWARD GORMLEY AND CITY OF
	MCMINNVILLE'S MOTION TO STRIKE EVIDENCE
	SUBMITTED IN RESPONSE TO MOTION FOR
	SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Chief, Wayne McFarlin" which was provided to the press after this lawsuit was filed. Although it is listed as a tort claim notice, it is not the notice sent to the City regarding plaintiff's potential legal claims against defendants. Instead, it is a press release authored either by plaintiff or plaintiff's counsel regarding various claims he is making in connection with the lawsuit. It is hearsay, not subject to any exception and is inadmissible for any purpose. It should be stricken for that reason. F.R.E. 802, 803.

2.  <u>Motion No 2 – Exhibit A, B, C, and D to McFarlin Affidavit</u>

Exhibit A to McFarlin's Affidavit is an unidentified document authored by either plaintiff, or plaintiff's counsel. To the extent that it is legal argument, it needed to be incorporated into plaintiff's responsive memorandum. To the extent that it purports to be testimony, it is neither as it references documents and other statements allegedly made by other individuals. It is also hearsay, not subject to any exception and should be excluded for that reason. Exhibits B, C, and D to McFarlin's Affidavit appear to be similar summaries and assertions made by plaintiff that amount to legal argument regarding his case. These are all hearsay, not subject to any exception and should be excluded. F.R.E. 801, 802.

3.  <u>Motion No. 3 - Motion to Strike Portions of McFarlin's Affidavit</u>

Plaintiff offers affidavit testimony that includes irrelevant statements, and his personal, subjective opinions, none of which are relevant to the questions before the court.

To the extent defendants' motion requires the court to determine whether the settlement agreement and release signed by plaintiff is valid, plaintiff's subjective beliefs and personal opinions regarding the settlement agreement are irrelevant. Contracts in Oregon are interpreted under an objective standard, evidenced by the party's communication and acts, not subjective beliefs or opinions not expressed by the parties to the contract. *Real Estate Loan Fund, Oreg. Ltd., v. Hevner*, 76 Or App 349, 354, 709 P2d 727 (1985) (The law of contracts is concerned with the party's undisclosed intents and ideas. It gives weight only to their communications and overt

Page 2 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

acts; modern law rightly construes both acts and words as having the meaning which a reasonable person present would put upon them in view of the surrounding circumstances); *Maier v. Pacific Heritage Homes, Inc.*, 72 F.Supp 2d 1184, 1192 (D.Or. 1999). (A party cannot rely on subjective beliefs to contradict an agreement's plain language or to create an ambiguity that does not exist; the law in this jurisdiction does not permit contracts to be reformed merely because of uncommunicated mental reservations held by one of the parties at the time of execution, citing *Wheeler v. White Brock Bottling Co.*, 229 Or 360, 365, 366 P2d 527 (1961)). For the reasons set forth below, the following paragraphs from plaintiff's affidavit should be stricken.

<u>Paragraph 3</u>

Paragraph 3 of McFarlin's Affidavit discusses why he moved to the City of McMinnville. It is not relevant to any determination that needs to be made by the court and should be stricken. F.R.E. 401, 402.

<u>Paragraph 4</u>

The portion of paragraph 4 in which plaintiff states that he "sincerely understood [statements] as a threat of being fired unless I resigned" should be stricken as it is irrelevant. Plaintiff's subjective belief, versus what was actually said to him is not relevant. For this reason, that portion of paragraph 4 of the affidavit is inadmissible. F.R.E. 401, 402; *Hargray v. City of Hallandale*, 57 F.3d 1560, 1570 (11th Cir. 1995) (for purposes of determining whether resignation obtained by misrepresentation in context of Section 1983 claim, court applies objective standard; subjective perceptions of employee irrelevant to inquiry).

<u>Paragraph 5</u>

Paragraph 5 consists solely of plaintiff's personal opinion regarding how the City Council was "influenced" by Mayor Ed Gormley. It is not based on any factual assertions, and is therefore impermissible lay witness opinion. For this reason, it should be stricken. F.R.E. 701.

Page 3 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

*Lipsett v. University of Puerto Rico*, 740 F.Supp. 921, 925 (D.P.R. 1990) (opinion testimony as to whether hostile environment present usurps jury as fact-finder); *Carmen v. S.F. Unified School District*, 237 F.3d 1026, 1028 (9th Cir. 2001) (plaintiff's opinion that defendant acted with an unlawful motive nothing more than speculation and inadmissible).

Paragraph 6

In paragraph 6, plaintiff again offers speculation about the hiring process at the City of Salem and the effect of his resignation as chief on that process. It is not based on any facts, and is therefore impermissible lay opinion and should be excluded for that reason. F.R.E. 701.

Paragraph 7

Paragraph 7 consists entirely of plaintiff's private concerns about his wife's health. At no time were any of these issues discussed with anyone at the City and plaintiff does not allege that he was under duress related to these health issues, and therefore, was unable to comprehend the meaning of the settlement agreement that he signed. Plaintiff's opinions about his circumstances is irrelevant to the issues before the court. It should therefore be stricken. F.R.E. 401, 402, 701.

Paragraph 8

Paragraph 8 consists of some factual statements, but also consists of a number of subjective characterizations by plaintiff regarding his position at the City, his own personal beliefs about how he has "lived his life" and a narrative regarding Rod Brown's actions in informing him that a former Police Department employee was disgruntled with McFarlin. Paragraph 8 consists primarily of impermissible lay opinion testimony, and irrelevant commentary by plaintiff on the situation. For these reasons, it should be stricken. F.R.E. 401, 402, 701.

Page 4 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Paragraph 9

The first four sentences of paragraph 9 are not objectionable. The remainder of paragraph 9 consists of undisclosed personal beliefs about what plaintiff was thinking during the meeting. As set forth above, to the extent this testimony is being used to invalidate the release, it cannot be considered because the only relevant evidence under the objective theory of contracts is what was actually stated and what was actually done by the parties. Plaintiff also offers his own opinion testimony about his personal belief that he had no alternative to resigning, unsupported by any facts, but only supported by his personal opinion. This also is impermissible lay opinion testimony and should be excluded. F.R.E. 401, 402, 701.

Paragraph 10

Paragraph 10 consists solely of plaintiff's personal opinions and characterizations about events learned during the course of discovery. None of it is relevant to the issues before the court and it should be stricken. F.R.E. 401, 701.

Paragraph 13

Paragraph 13 includes testimony by plaintiff about what Councilman Springer was told. Plaintiff's testimony about what Springer was told is without foundation. If Springer gave him this information, then it is hearsay, not subject to any exception. Further, plaintiff's characterization of the statements as "false and defamatory" is again his personal opinion, not relevant to the court's determination. For these reasons, those portions of paragraph 13 should be stricken. F.R.E. 401, 402, 701, 802, 803.

Paragraph 16

The first three lines of paragraph 16 are not objectionable. The remainder of paragraph 16 is nothing more than plaintiff's personal subjective beliefs about the facts, and his own personal reaction to his resignation. Plaintiff's characterization of his own perception of what was said is insufficient to create a question of fact on any question before the court.

Page 5 -  DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

*Carmen*, Supra; *Hargray*, Supra.  The fact that plaintiff believes that he made sacrifices to the City, was "stunned" at what he thought was a demand for his resignation and "devastated" by the manner in which he was dismissed is entirely irrelevant to the issues before the court.

Further, plaintiff's characterization of the Mayor's behavior is irrelevant; the only relevant factual evidence is what was said in the meeting and plaintiff's subsequent actions. Plaintiff also offers his speculation about what the City Council might have done had he not resigned.  This is impermissible lay opinion testimony.  Paragraph 16 should be stricken for these reasons.  F.R.E. 401, 402, 701.

### Paragraph 17

Paragraph 17 also does not set forth any facts, but instead sets forth plaintiff's subjective opinions about what happened or should have happened, and includes his own legal conclusions about the interpretation of City policies.  None of the testimony set forth in paragraph 17 is based on any actual facts, but instead solely on the personal conclusions of plaintiff, which are irrelevant to the issues before the court.  F.R.E. 401, 402, 701.

### Paragraph 18

Paragraph 18 includes the statement that "I genuinely believe the City Attorney had made sure there was nothing improper or unauthorized and certainly nothing fraudulent about the way my resignation was demanded."  Plaintiff offers no facts supporting this belief. Plaintiff offers no evidence that he at any time told anyone at the City that he was anticipating that the City Attorney was protecting his interests.  Plaintiff's "belief" is a subjective belief that

///
///
///
///
///

Page 6 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

cannot be used to create a question of fact about the enforceability of a release.  *Maier, supra*; *Wheeler*, *supra*.  For this reason, those portions of paragraph 18 should be stricken.  F.R.E. 401, 402, 701.

DATED this 30th day of November 2007.

>HOFFMAN, HART & WAGNER, LLP
>
>
>By: */s/ Karen O'Kasey*
>Karen O'Kasey, OSB No. 870696
>Of Attorneys for Defendants Edward Gormley
>  and City of McMinnville

Page 7 -  DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of November 2007, I caused to be served the foregoing DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S MOTION TO STRIKE EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT` on the following parties:

>   Terrence Kay, P.C.
>   Attorney at Law
>   3155 River Road S., Suite 150
>   Salem, OR 97302
>
>   Robert S. Wagner
>   Miller & Wagner LLP
>   2210 NW Flanders St.
>   Portland, OR 97210
>
>   Walter Sweek
>   Cosgrave Vergeer Kester LLP
>   805 SW Broadway, 8th Floor
>   Portland, OR 97205

by electronic means through the Court's Case Management/Electronic Case File system.

>   /s/ Karen O'Kasey
>   Karen O'Kasey

Page 1 -    CERTIFICATE OF SERVICE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499