Karen O'Kasey, OSB No. 870696
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
Email: kok@hhw.com

<u>Of Attorneys for Defendants Gormley
and City of McMinnville</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE MCFARLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDWARD GORMLEY, an individual; CITY ) <br> OF MCMINNVILLE, a Municipal ) <br> Corporation; CITY COUNTY INSURANCE ) <br> SERVICES TRUST; ROD BROWN, an ) <br> individual; PUBLIC SAFETY LIABILITY ) <br> MANAGEMENT INC., an Oregon ) <br> corporation; WALDO FARNHAM, ) <br> ) <br> Defendants. ) | No. 3:06-CV-1594-HU <br><br> DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S RESPONSE TO PLAINTIFF'S ADDITIONAL CONCISE STATEMENT OF FACTS |

Pursuant to Local Rule 56.1(3), defendants Edward Gormley and the City of McMinnville respond to Plaintiff's Concise Statement of Additional Material Facts filed in opposition to Defendants' Motion for Summary Judgment. Defendants' responses are set forth according to the paragraph numbers in Plaintiff's Concise Statement.

1. Defendants admit that the City of McMinnville's City Council is a public body which decides matters by voting. Defendants further admit that the City Charter authorizes the City Council to hire and fire the Chief of Police. Defendants deny the remainder of paragraph 1 as being based on inadmissible lay witness opinion as set forth in Defendants' Motion to Strike.

///

Page 1 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S RESPONSE TO PLAINTIFF'S ADDITIONAL CONCISE STATEMENT OF FACTS

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

2. Defendants admit that McFarlin was called to a meeting on October 24, 2005. Defendants deny the remainder of paragraph 2 to the extent that it is inconsistent with plaintiff's own testimony regarding this meeting as set forth in Defendants' Concise Statement of Facts at paragraph 8.

3. Defendants agree that Gormley rejected McFarlin's request for two months to get through the Salem Police Chief finalist process and his request to stay through November. Defendants further agree that McFarlin had to leave the meeting. Defendants deny the remainder of paragraph 3 because it is based on plaintiff's inadmissible lay witness opinion and characterization of events and not the actual events themselves.

4. Defendants agree that there was no discussion at the October 24 meeting that the City Council never held a meeting to discuss or authorize plaintiff's termination or to authorize any demand for his resignation. Defendants deny Gormley "concealed" any complaints; this is plaintiff's own inadmissible characterization and legal argument about defendants' actions. Defendants deny that any replacement efforts were underway prior to McFarlin's resignation. Rod Brown specifically testified that he could not recall whether there was any inquiry of him regarding an interim chief before or after McFarlin left his position (Brown Deposition, page 106, ll. 19-25, Plaintiff's Response, Ex. 45). Defendants deny that plaintiff's "termination" was being requested at an October 21, 2005 meeting and the deposition testimony cited to does not support this statement. Defendants admit that McFarlin was told in the meeting that there was a pending union vote of no confidence because Mayor Gormley had received this information from another source (Defendants' Concise Statement of Facts, ¶ 5). Defendants admit that based on plaintiff's testimony, he was not told about a potential negative article that was going to be published by the local newspaper (McFarlin Deposition, page 121, ll. 1-14).

5. Defendants deny the first two sentences of paragraph 5 as they do not state facts, but instead state plaintiff's inadmissible lay opinions and legal conclusions as set forth in

Page 2 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S RESPONSE TO PLAINTIFF'S ADDITIONAL CONCISE STATEMENT OF FACTS

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Defendants' Motion to Strike. Defendants agree that Gormley and Olson testified as stated, however, deny that this testimony is relevant to the issues before the court.

6. Defendants agree that Gormley told McFarlin that a police union vote of no confidence was pending as set forth in Defendants' Concise Statement of Facts, ¶ 8. Defendants agree that Matt Scales testified that there was no scheduled vote, but that he discussed a vote of no confidence with Gormley (Scales Deposition, page 27, ll. 7-24, Plaintiff's Response, Ex. 51).

7. Defendants agree that Council member Olson testified as cited; however, defendants deny that this testimony is relevant to the issues before the court.

8. Defendants deny. McFarlin's assertions about what he understood, and his opinion about how the council was led, is inadmissible lay opinion testimony. Defendants also deny the remainder of paragraph 8, as it is based on speculation, and impermissible lay opinion testimony.

9. Defendants deny as set forth in their Motion to Strike paragraph 8 of plaintiff's affidavit.

10. Defendants agree that under the City's employment policies, employees who are being terminated are entitled to due process. Defendants deny the remainder of paragraph 10 as it is not a statement of fact, but instead is legal argument based on plaintiff's subjective beliefs and opinions about the circumstances surrounding the signing of the separation agreement.

11. Defendants deny that McFarlin was never informed or advised to seek independent counsel before signing the separation agreement. The separation agreement specifically states that plaintiff was notified of an opportunity to talk to anyone of his choosing, and specifically provides that he acknowledges that he has either done so, or has chosen not to do so (Ex. 101). Defendants admit that the separation agreement does not specifically use the words "fraud, non-disclosure or concealment" or "violation of due process." Defendants deny that this is relevant in determining the validity of the settlement agreement and release. Defendants deny

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

what McFarlin says he would have done, as this is not based on facts, but instead on inadmissible lay witness opinion.

12. Defendants admit that timely tort claim notice was given to the City.

DATED this 30th day of November 2007.

HOFFMAN, HART & WAGNER, LLP

By: */s/ Karen O'Kasey*
Karen O'Kasey, OSB No. 870696
Of Attorneys for Defendants Edward Gormley and City of McMinnville

Page 4 - DEFENDANTS EDWARD GORMLEY AND CITY OF MCMINNVILLE'S RESPONSE TO PLAINTIFF'S ADDITIONAL CONCISE STATEMENT OF FACTS

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2007, I served the foregoing DEFENDANTS EDWARD GORMLEY AND CITY OF McMINNVILLE'S RESPONSE TO PLAINTIFF'S ADDITIONAL CONCISE STATEMENT OF FACTS on the following parties:

>Terrence Kay, P.C.
>Attorney at Law
>3155 River Road S., Suite 150
>Salem, OR 97302
>
>Robert S. Wagner
>Miller & Wagner LLP
>2210 NW Flanders St.
>Portland, OR 97210
>
>Walter Sweek
>Cosgrave Vergeer Kester LLP
>805 SW Broadway, 8th Floor
>Portland, OR 97205

by electronic means through the Court's Case Management/Electronic Case File system.

      /s/ *Karen O'Kasey*
      Karen O'Kasey

Page 1 - CERTIFICATE OF SERVICE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499