Walter H. Sweek, OSB 62092
Internet e-mail: wsweek@cvk-law.com
Wendy M. Margolis, OSB 94567
Internet e-mail: margolis@cvk-law.com
James M. Maldonado, OSB 00078
Internet e-mail: jmaldonado@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:  (503) 323-9000
Facsimile:   (503) 323-9019
Of Attorneys for Defendant Waldo Farnham

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN,<br><br>             Plaintiff,<br>     v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation;  WALDO FARNHAM,<br><br>             Defendants. | Case No.: 3:06 CV 01594-HU<br><br>**DEFENDANT WALDO FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**<br><br>Hearing Date: December 19, 2007<br>Time:  9:30 a.m.<br>Magistrate Judge Dennis J. Hubel |

## I.  INTRODUCTION

In Plaintiff's Memorandum Opposing Defendant Waldo Farnham's Motion for

Summary Judgment (Plaintiff's Response to Farnham), plaintiff provides a one-

sentence opposition to Farnham's Motion for Summary Judgment as to all claims based

on *Noerr-Pennington* immunity.  With respect to Farnham's other motions for summary

Page 1 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

judgment, plaintiff simply incorporates arguments he made in response to the other defendants' motions for summary judgment, including some that are not responsive to the issues raised by Farnham's motions. Even as to those issues that plaintiff actually purports to oppose, he does not raise any issue of material fact or otherwise rebut Farnham's assertion that he is entitled to judgment in his favor on each of plaintiff's claims. Thus, for the reasons set forth below and in Farnham's opening memorandum, the court should grant Farnham's motion for summary judgment.

## II. LEGAL ARGUMENTS

### A. Motion #1: As a Matter of Law, Farnham's Alleged Activities Are Entitled to Immunity Under the *Noerr*-Pennington Doctrine

In his opening memorandum, Farnham explains why the conduct that plaintiff's operative complaint attributes to him falls within the First Amendment's protection of the right to petition the government and, thus, is entitled to immunity under the *Noerr-Pennington* doctrine. *See* Defendant Waldo Farnham's Memorandum in Support of His Motion for Summary Judgment [Farnham's Motion] at 5-11. In response, plaintiff does not even address, much less dispute, Farnham's analysis of the relevant legal principles or the application of those principles to the facts of this case. Instead, he simply asserts – without citation to any law or evidence – that "there are fact questions as to whether Farnham was petitioning the City in exercising his First Amendment * * * rights or outside protection" by intentionally interfering with [p]laintiff's employment" with the objective "to obtain the termination of [p]laintiff's employment" and to damage plaintiff's career and reputation." Response to Farnham Motion at 2. Both procedurally and substantively, that bald assertion is insufficient to avoid summary judgment.

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

First, to the extent plaintiff contends there is a factual dispute as to whether Farnham was engaged in protected activity, he doesn't set out any "specific facts" in the record showing a genuine issue for trial or otherwise disclose where in the record the evidence for such specific facts may be found. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (setting out burden party opposing summary judgment). Nor does his Concise Statement of Additional Material Facts in Opposition to Defendant Farnham's Motion (Plaintiff's CSMF) or the evidence cited therein shed any light on the supposed "fact" dispute. *See Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996) (noting that it's not the district court's task to "scour the record in search of a genuine issue of triable fact") (internal quotation marks omitted).

To the contrary, plaintiff admits that Farnham: (1) is a long time resident of McMinnville who didn't like the Chief of Police's handling of his request to have a drug-sniffing dog sniff for drugs at the local high school; (2) who then started investigating plaintiff's accomplishments as Chief of Police; (3) told the McMinnville's Mayor that he was conducting a review of plaintiff as Chief of Police; (4) spoke with 10-20 different people as part of his investigation, including members of the police force; and (5) thereafter prepared and gave to the Mayor a two-page memorandum about plaintiff's performance as the Chief of Police, which included his own opinions on the matter. Farnham's CSMF ¶¶ 13-21; Pl's Response to Farnham's CSMF ¶¶ 13-21; Pl's CSMF ¶ 1. Plaintiff thus identifies no evidentiary or legal support for his contention that Farnham was not exercising his constitutionally protected right to petition government.

Page 3 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

**COSGRAVE VERGEER KESTER** LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

Second, to the extent plaintiff suggests that Farnham's conduct would not be protected if his objective was to cause plaintiff's termination as Chief of Police, he is wrong. As discussed at length in Farnham's opening memorandum, a person's reasons for petitioning the government – whether purely selfless or morally repugnant – is irrelevant to the constitutional protections afforded under *Noerr-Pennington*. *See generally* Farnham's Motion at 7-11; *Stern v. United States Gypsum, et al,* 547 F.2d 1329, 1343 (7th Cir. 1977) (holding that corporate officers' motivation for filing complaint about IRS agent auditing their company was irrelevant, regardless of whether that conduct could cause professional injury to agent or whether the complainers were pleased by the prospect of such injury); *Barnes Foundation v. Township of Lower Merion,* 927 F.Supp. 874, 877 (E.D.Pa. 1996) (in response to argument that defendant's activity was motivated by racism, court concluded that "it does not matter what factors fuel the citizen's desire to petition government. As long as there is petitioning activity, the motivation behind the activity is unimportant.").

Here, the undisputed evidence establishes that Farnham prepared and gave a two-page memorandum to the Mayor that was largely critical of the plaintiff's performance as the Chief of Police. Whether Farnham wanted plaintiff's tenure as Chief of Police to come to an end or even would derive some satisfaction if his memorandum were to play a part in causing that result has no legal significance. What is relevant is that Farnham was exercising his right as a citizen to complain to the Mayor about the performance of the Chief of Police, which is exactly the type of activity that *Noerr-Pennington* is meant to protect. Because that activity is the basis for all of plaintiff's claims against him, Farnham is entitled to judgment in his favor on all claims.

Page 4 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

**COSGRAVE VERGEER KESTER LLP**
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

**B. Alternative Motion #2: Plaintiff Effectively Concedes Farnham's Motion Against the Separate "Claims" for Conspiracy**

Even if the court denies Motion #1, it should grant Farham's motion against plaintiff's ninth, tenth, and eleventh claims for relief, which purport to state separate tort claims of conspiracy. In his response, plaintiff does not dispute Farnham's argument that conspiracy is not an independent tort. Indeed, citing *Bliss v. Southern Pacific Company,* 212 Or. 634, 321 P.2d 324 (1958) and *Bonds v. Landers,* 279 Or. 169, 566 P.2d 513 (1977), plaintiff expressly concedes that "civil conspiracy is not an independent tort, in the absence of a statute or unusual circumstances," and he does not identify any applicable statute or unusual circumstances. Plaintiff's Response to Farnham at 3, incorporating Plaintiff's Response in Opposition to Gormley and City of McMinnville's Motion for Summary Judgment [Plaintiff's Response to Gormley] at 21. Accordingly, for the reasons set forth in both Farnham's motion *and* plaintiff's response, the court should enter judgment in Farnham's favor on plaintiff's conspiracy "claims."

**C. Alternative Motion #3: As a Matter of Law, Plaintiff Cannot Prevail on His Negligence Claim**

Even if the court denies Motion #1, it should grant Farnham's motion against plaintiff's thirteenth claim for relief for negligence. In his response to the motion, plaintiff does not dispute that a negligence claim for purely economic losses is not legally cognizable absent proof of a special relationship. *Conway v. Pacific University*, 324 Or. 231, 240, 924 P.2d 818 (1996); *Harris v. Suniga,* 209 Or. App. 410, 149 P.3d 224 (2006). Nor does he claim that any such special relationship existed in this case. Instead, he asserts that his harm was not purely economic because he incurred

Page 5 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

"personal emotional injuries, damage to his property rights as an employee and his reputation." Plaintiff's Opposition to Gormley at 22. But that assertion doesn't help him.

As a matter of Oregon negligence law, the general rule is that there can be no liability in ordinary negligence in the absence of actual, physical harm, except in two limited exceptions. *Lowe v. Phillip Morris,* 207 Or.App. 532, 544-45, 551, 142 P.3d 1079 (2006). One of the exceptions is negligence claims for purely economic loss, which, as noted, plaintiff admittedly cannot establish. As to the other exception – claims for negligent infliction of emotional distress – plaintiff can't prevail on that either because he admittedly cannot prove that his claimed "emotional injury" was caused by violation a duty arising from a special relationship, nor can he show (as he must) any physical impact. *See generally Hammond v. Central Lane Communications Center,* 312 Or. 17, 816 P.2d 593 (1991) (describing claim and physical impact rule); *Chouinhard v. Health Ventures,* 179 Or.App. 507, 39 P.3d 951 (2002) (no recovery for emotional distress caused by failure to initially diagnosed cancerous tumor in absence of manifest physical impact).

The evidence in the record thus remains undisputed that Farnham did not negligently cause plaintiff physical harm and did not violate any duty arising out of a special relationship with plaintiff. Accordingly, because as a matter of law plaintiff cannot prevail on his negligence claim, Farnham is entitled to judgment in his favor on plaintiff's thirteenth claim for relief.

/ / /

/ / /

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

**D. Alternative Motion #4: Plaintiff Effectively Concedes Farnham's Motions Against His Claims for Intentional Interference with Contractual and Prospective Business Relationships**

Even if the court denies Motion #1, it should grant Farnham's motion against plaintiff's fifth and sixth claims for relief, alleging intentional interference with his contract with the city of McMinnville and with his prospective business relations with the city of Salem, respectively. In response to that motion, plaintiff relies exclusively on the arguments he makes in his response to Gormley's motion for summary judgment. Plaintiff's Response to Farnham at 3. But those "responsive" arguments are directed solely at whether *Gormley* was acting within the course and scope of his duties as Mayor when he allegedly interfered with plaintiff's contract with the city of McMinnville, a factual issue that has no bearing on whether *Farnham* interfered with that contract or, for that matter, with any prospective relationship plaintiff might have had with the city of Salem. Plaintiff's Response to Gormley at 20.

Plaintiff does not dispute that there is no causal connection between Farnham's alleged conduct and his alleged harm. *See* Farnham's Motion at 13-14. Nor does his response to Gormley's motion make any mention at all of his claims for interference with his prospective business relations with the city of Salem, much less identify a factual or legal basis on which this court properly could deny Farnham's motion against that claim. Plaintiff's Response to Gormley at 20. Accordingly, because plaintiff effectively has conceded Farnham's Alternative Motion #4, the court should enter judgment in Farnham's favor on plaintiff's fifth and sixth claims for relief. *See* Fed.R.Civ.P. 56(e); *Celotex Corp*, 477 U.S. at 324; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (describing opposing party's burden on summary judgment).

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

**E.     Alternative Motion #5:  As a Matter of Law, Plaintiff Cannot Prevail on His Defamation Claim**

   **1.     Plaintiff offers no evidence that Farnham acted with actual malice**

In his response to Farnham's motion against his defamation claim, plaintiff does not dispute that he is a public official or that, as such, he must prove by clear and convincing evidence that Farnham made any false and defamatory statements with actual malice.  *See* Farnham's Motion at 17-18; Plaintiff's Response to Farnham at 3 (incorporating Plaintiff's Response to Gormley at 23-25).  Instead, he asserts that a "jury" could find that Farnham "spoke with the knowledge that [his] defamatory statements were false, or with reckless disregard of whether [his] statements were false, **because [he] never inquired of [plaintiff] or others about the defamatory statements**."[1]  Plaintiff's Response to Gormley at 24 (emphasis added).  As matter of law, plaintiff is wrong.

To establish actual malice, plaintiff must "demonstrate with clear and convincing evidence that the defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement."  *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n 30 (1984).  Actual malice is not presumed, nor can it be inferred from the fact that the defendant failed to verify the statements or to complete an investigation before making the statements.  *New York Times v. Sullivan,* 376 U.S. 254, 284 (1964); *Lonsdale v. Swart,* 143 Or. App. 331, 339, 922 P.2d 1263, 1268 (1996).

---

[1]  Plaintiff also contends that he was "defamed as possibly having a drug problem, a personality defect, being untrustworthy, unstable and of having lunged at or harassed a City employee," but he does not attribute any of those statements to Farnham.  Plaintiff's Response to Gormley at 24.

Page 8 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

**COSGRAVE VERGEER KESTER** LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

Applying those legal principles here, evidence that Farnham did not ask plaintiff or unspecified "others" about his unspecified allegedly false and defamatory statements before making those statements certainly does not rise to the level of clear and convincing proof that Farnham either "realized" that the statements were false or "subjectively entertained serious doubt as to the truth" of the statements. At best, it suggests only that Farnham did an incomplete investigation, which is legally insufficient to permit an inference of actual malice. *See Lonsdale,* 143 Or. App. at 339 (supporting conclusion). Thus, because the record is devoid of any evidence of actual malice, Farnham is entitled to judgment in his favor on plaintiff's defamation claim.

### 2. Plaintiff offers no competent evidence that Farnham made actionable false and defamatory statements

In his response to Gormley's motion, plaintiff conclusively asserts that "[t]he evidence clearly shows defamatory statements were made" by Farnham to Gormley and the City, and that Farnham made "false statements." Plaintiff's Response to Gormley at 23-24. However, he again does not cite to any evidence or identify any statements by Farnham, much less explain why any such statements are both defamatory and provably false, rather than protected opinion. *See* Farnham's Motion at 15-17. Specifically, in stark contrast to his arguments as to Gormley, plaintiff does not identify any basis on which this court could conclude that Farnham made any statements that were capable of a defamatory meaning. *Id.* at 23-24; *see Beecher v. Montgomery Ward,* 267 Or. 496, 500, 517 P.2d 667 (1973) (whether communication is capable of defamatory meaning is question for court). Once again, plaintiff has failed to satisfy his burden on summary judgment, thus entitling Farnham to summary judgment

**COSGRAVE VERGEER KESTER LLP**
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

in his favor.² *See Keenan,* 91 F.3d at 1279 (district court not required to scour the record in search of a genuine issue of triable fact).

Even if the court were to look beyond plaintiff's response and consider the evidence cited in plaintiff's Concise Statement of Material Facts, nothing in the cited paragraphs of plaintiff's supporting affidavit provides a legal basis on which this court properly can deny Farnham's motion.³ *See* Pl's CSMF ¶ 6. Specifically, plaintiff's affidavit references "Exhibit D," a document that he created in which he identifies six statements (with subparts) by Farnham that apparently form the basis of plaintiff's defamation claim. Affidavit of Wayne McFarlin [Pl's Aff] ¶¶ 12, 15. However, all of those statements are either protected matters of opinion, not false, or not defamatory as a matter of law.

As to the statements regarding morale at the police department, the feeling of some staff that plaintiff was not trustworthy or credible and that he spins facts to point blame from himself, Pl's Aff, Ex D at 1-3, those statements are not actionable because they are matters of opinion on public issues and are not provably false. As stated in Farnham's opening memorandum, when alleged defamatory statements involve a matter of public concern, as in this case, the First Amendment imposes upon the plaintiff the burden of proving that the statements were false. *Hickey v. Capital*

---

² To the extent that plaintiff purports to make those legal arguments through his affidavit, that is improper. *See, e.g., Engelhard Industries, Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 351 (9th Cir. 1963) (on summary judgment, court obliged to disregard affidavits that contained only hearsay and legal conclusions).

³ As set forth in Farnham's separately filed motion to strike evidence, the overwhelmingly majority of plaintiff's affidavit and attached Exhibit D is inadmissible and thus cannot properly be considered on summary judgment. *See* Fed.R.Civ.P. 56(e) (requiring that opposing affidavits "set forth such facts as would be admissible in evidence").

Page 10 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

497523

*Cities/ABC Inc.,* 792 F.Supp. 1195 (D. Or. 1992), citing *Philadelphia Newspapers Inc. v. Hepps,* 475 U.S. 767, 776, 106 S.Ct. 1558, 1563, 9 L.Ed.2d 783 (1986). A statement of opinion that involves a matter of public concern similarly receives receive full constitutional protection under the First Amendment, unless the statement includes a provably false factual connotation. *Id.*.

Whether or not the morale was bad in the department or that some people felt that plaintiff was not trustworthy are not provably false. Indeed, plaintiff admits as much when he states that "good morale is frequently intangible and difficult to document" and that "anyone may unreasonably lack trust in another * * *." Pl's Aff, Ex D at 2. Similarly, with respect to Farnham's statements that some staff believed that plaintiff used work assignments as disguised punishment and did not welcome ideas, those too are simply matters of opinion regarding a public matter, which are protected.

Plaintiff's last set of statements concerns background checks of officers and what Farnham perceived as questionable/unnecessary purchases, including handguns, light bars for police vehicles, and sedans over motorcycles. Pl's Aff, Ex D at 5-6. However, those statements are not even capable of defamatory meaning. A defamatory communication is one that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Brown v. Gatti,* 341 Or. 452, 458, 145 P.3d 130 (2006). Under that standard, how is a citizen's concern over the purchase of new light bars for police vehicles defamatory? Or concern over the use of motorcycle officers? Or concerns over the sale of used handguns to officers? Quite simply, they are not.

Page 11 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

**COSGRAVE VERGEER KESTER** LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523

Additionally, as to those and other statements, in multiple instances, plaintiff actually admits that they were truthful. For example, as to the statement concerning light bars on the police vehicles, plaintiff provides a paragraph explanation in which he admits the truth of the statement. *See* Pl's Aff, Ex D at 6. As to the Farnham's statement that he questioned plaintiff's veracity when he said that no drug dogs were available within the county, plaintiff admits that "at the time of this meeting this statement was accurate." *Id.* at 7. Similarly, regarding Farnham's statement that, according to staff, plaintiff did not complete background checks on officers until they had completed the academy, plaintiff admits that the statement is largely accurate. *Id.* at 5.

In short, plaintiff makes no legal argument in opposition to Farnham's motion for summary judgment and offers no competent evidence to create a genuine issue of material fact as to the actionability of any of the challenged statements in Farnham's two-page memorandum to the Mayor. Accordingly, for all of the reasons stated above, Farnham is entitled to judgment as a matter of law as to plaintiff's defamation claim.

### III. CONCLUSION

For the reasons stated above and in Farnham's opening memorandum, the court should grant his motion for summary judgment.

DATED: November 30, 2007   COSGRAVE VERGEER KESTER LLP

/s/ James M. Maldonado
Walter Sweek, OSB 620920
Wendy M. Margolis, OSB 94567
James M. Maldonado OSB 00078
Phone: (503) 323-9000  Fax: (503) 323-9019
E-mail: wsweek@cvk-law.com
E-mail: jmaldonado@cvk-law.com
E-mail: margolis@cvk-law.com
Attorneys for Defendant Farnham

Page 12 – DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000
497523

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT FARNHAM'S REPLY IN SUPPORT OF SUMMARY JUDGMENT** on the date indicated below by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification;

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Terrence Kay
Terrence Kay PC
3155 River Rd. S. Suite 150
Salem, OR 97302
   Of Attorneys for Plaintiff

Robert S. Wagner
Miller & Wagner LLP
2210 NW Flanders Street
Portland, OR 97210-3408
   Of Attorneys for Defendants Rod Brown and Public Safety Liability Management

Karen O'Kasey
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205
   Of Attorneys for Defendants Gormley and City of McMinnville

DATED: November 30, 2007

/s/ James M. Maldonado
James M. Maldonado

Page 1 - CERTIFICATE OF SERVICE

**COSGRAVE VERGEER KESTER LLP**
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

497523