Robert S. Wagner, OSB #84411
Stan LeGore, OSB #94369
MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, OR 97210-3408
Telephone: (503) 299-6116
Facsimile: (503) 299-6106
E-mail: rsw@miller-wagner.com

    Of Attorneys for Defendants City County Insurance Services Trust,
Rod Brown, and Public Safety Liability Management Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN,<br><br>                Plaintiff,<br><br>v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM,<br><br>                Defendants. | Case No. CV06-1594 HU<br><br>DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT<br><br>**ORAL ARGUMENT REQUESTED** |

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to LR 7.1, counsel for the CCIS defendants certifies that he has made a good faith effort to resolve with plaintiff's counsel the issues raised herein.

## MOTION TO STRIKE NO. 1

The CCIS defendants move to strike paragraph 19 of the Affidavit of Wayne McFarlin. The first three sentences of the paragraph are a sham affidavit which attempts to create a question of material fact by contradicting plaintiff's prior sworn deposition

Page 1 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

testimony. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Foster v. Arcata Associates, 772 F.2d 1453, 1462 (9th Cir. 1985), cert. denied, 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986).

During plaintiff's deposition, he testified that he and defendant Gormley discussed the likely Police Association "no confidence" vote during their meeting on October 24, 2005, and that the "no confidence" vote was one of the reasons Gormley felt that plaintiff should resign. (Exhibit 6). Plaintiff also testified that he learned, in November 2005, that defendant Brown spoke to the Police Association in his capacity as an agent for CCIS, and that he is suing Brown for that conduct based on his belief, in November 2005, that Brown's conduct was inappropriate. Also in November, 2005, plaintiff linked Brown's appearance at the Association meeting with defendant Gormley. (Exhibit 2, pp. 9-10).

Plaintiff now offers this sham affidavit which states that he did not learn of Brown's involvement in speaking to the Police Association until sometime during or after April, 2006, although he gives no detail about what he learned after April, 2006, that he did not know in November, 2005.

The purpose of plaintiff's sham affidavit is to avoid summary judgment on the issue of tort claim notice to defendant CCIS. Under Oregon law, plaintiff is required to give notice to CCIS within 6 months of the time his claim accrues. ORS 30.275. In Oregon, a "plaintiff need not have actual knowledge of tortious conduct before the

Page 2 -   DEFENDANTS CITY COUNTY INSURANCE SERVICES
           TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY
           MANAGEMENT, INC.'S MOTION TO STRIKE EVIDENCE
           OFFERED IN SUPPORT OF PLAINTIFF'S RESPONSE TO
           MOTION FOR SUMMARY JUDGMENT

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

statute of limitations will begin to run." Gaston v. Parsons, 318 Or. 247, 256 (1994). Further, the requisite knowledge for tort claim notice is less than the knowledge required for a plaintiff's claim to accrue for purposes of the statute of limitations. Gaston, 318 Or. at 255-56 ("To be sure, the fact that a plaintiff has sufficient information to give a tort claim notice will usually mean that he or she also has sufficient information to say that his or her cause of action has accrued."). The "statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements (harm, causation, and tortious conduct) exists." Gaston, 318 Or. at 256. Relevant to "this analysis will be a plaintiff's failure to make a further inquiry if a reasonable person would have done so." Uruo v. Clackamas County, 166 Or.App. 133, 143 (2000)(internal citation omitted).

In the present case, plaintiff possessed more than enough knowledge in November, 2005, to trigger the tort claim notice requirement for defendant CCIS. The first part of paragraph 19 of plaintiff's affidavit is pure "sham" and should be stricken.[1]

The remainder of paragraph 19 should be stricken is plaintiff's legal conclusions, improper opinion testimony, and speculation. FRE 401; FRE 403; FRE 701; FRE 602.

## MOTION TO STRIKE NO. 2

The CCIS defendants move to strike portions of plaintiff's Response to [the CCIS defendants' Concise Statement of Material Facts (document #60) and portions of plaintiff's additional facts (document #55). The CCIS defendants have included the basis for striking plaintiff's alleged facts as part of their Reply to Plaintiff's Concise Statement of Facts, and which is hereby incorporated by reference.

///

---

[1] See also the CCIS defendants' Reply Memorandum, section 1.

Page 3 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

## MOTION TO STRIKE NO. 3

The CCIS defendants join the City defendants' Motions to Strike in their entirety and hereby incorporate those motions by reference.

DATED this 30th day of November, 2007.

MILLER & WAGNER LLP

By: _____
Stan LeGore, OSB #94369
Of Attorneys for Defendants
City County Insurance Services Trust,
Rod Brown, and Public Safety Liability
Management, Inc.
503-299-6116

Trial Attorney:
Robert S. Wagner, OSB #84411

Page 4 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT, on the following parties at the following addresses by notice of electronic filing using the CM/ECF system:

>Terrence Kay
>Attorney at Law
>3155 River Road S., Suite 150
>Salem, OR 97302
>503-588-1944
>terrence@kaylawfirm.com
>>Of Attorneys for Plaintiff

>Karen O'Kasey
>Hoffman, Hart & Wagner
>Attorneys at Law
>1000 S.W. Broadway, 20th Floor
>Portland, OR 97205
>503-222-4499
>kok@hhw.com
>>Of Attorneys for Defendants Gormley and City of McMinnville

>Walter H. Sweek
>Cosgrave Vergeer Kester LLP
>Attorneys at Law
>805 S.W. Broadway, 8th Floor
>Portland, OR 97205
>503-323-9000
>wsweek@cvk-law.com
>>Of Attorneys for Defendant Farnham

DATED this 30th day of November, 2007.

_____
Stan LeGore, OSB #94369

Page 1 -   CERTIFICATE OF SERVICE