Robert S. Wagner, OSB #84411
Stan LeGore, OSB #94369
MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, OR 97210-3408
Telephone: (503) 299-6116
Facsimile: (503) 299-6106
E-mail: rsw@miller-wagner.com

Of Attorneys for Defendants City County Insurance Services Trust,
Rod Brown and Public Safety Liability Management, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE McFARLIN,<br><br>            Plaintiff,<br><br>v.<br><br>EDWARD GORMLEY, an individual; CITY OF McMINNVILLE, a Municipal Corporation; CITY COUNTY INSURANCE SERVICES TRUST; ROD BROWN, an individual; PUBLIC SAFETY LIABILITY MANAGEMENT INC., an Oregon corporation; WALDO FARNHAM,<br><br>            Defendants. | Case No. CV06-1594 HU<br><br>DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS |

In compliance with Local Rule 56.1(b)(2), defendants City County Insurance Services Trust, Rod Brown, and Public Safety Liability Management, Inc., (the CCIS defendants) make the following Reply and Response to plaintiff's Concise Statement of Material Facts:[1]

---

[1] Plaintiff's Response is docketed as document #60 in the record. Plaintiff has filed a separate document containing his additional material facts. (See document #55). The CCIS defendants will combine their reply/response in this one document as provided by LR 56.1(b)(2).

Page 1 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

## REPLY TO PLAINTIFF'S DOCUMENT #60

1. Object to plaintiff's disputing the second sentence. Plaintiff offers no evidentiary support for disputing this fact. Move to strike for failure to provide any evidentiary support or explanation. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1).[2]

2. Plaintiff agrees with all of paragraph 2.

3. Plaintiff agrees with all of paragraph 2.

4. Object to plaintiff's disputing that Scales contacted Brown, and move to strike. The undisputed evidence establishes that Scales contacted Brown. (Ex. 1, p. 9; Ex. 3, pp. 2-3). The CCIS defendants move to strike plaintiff's objection because it is contrary to the undisputed facts in the record and has absolutely no evidentiary support. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1).

5. Agree that there is evidence that both Brown and Gormley wanted Gormley to meet directly with Scales and both requested the meeting. However, this is immaterial and irrelevant to any of plaintiff's claims. The fact of the meeting is undisputable evidence that Brown did not withhold information from the City. FRE 401; FRE 402.

6. Again, plaintiff disputes an undisputed fact without offering any evidentiary support for his position. The undisputed evidence, established by Scales' own testimony, is that Scales had misrepresented the conditions at the police department when talking with the City Manager. (Ex. 1, p. 10; Ex. 3, p. 17). The CCIS defendants move to strike plaintiff's objection because it is contrary to the undisputed facts in the record and has absolutely no evidentiary support. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1).

---

[2] The CCIS defendants have filed a separate Motion to Strike which incorporates the objections contained herein as the basis for the motion.

Page 2 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

7. Yet again, plaintiff disputes undisputed facts and does not – because he cannot – come forward with any evidence to support his contentions. The CCIS defendants move to strike plaintiff's objections because it is contrary to the undisputed facts in the record and has absolutely no evidentiary support. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1).

8. Plaintiff disputes that any of Farnham's concerns with plaintiff's performance as Chief of Police were discussed, and the evidence presented by the CCIS defendants does not clearly establish that Farnham's concerns were discussed, although the fact that Farnham was present at the meeting, together with the fact that the purpose of the meeting was to discuss problems and dissatisfaction with the Chief, supports an inference that Farnham's complaints were discussed. Plaintiff has not come forward with any evidence to contradict that inference.

Plaintiff also disputes – without providing any supporting evidence – the fact that there was no discussion of a "plan" for plaintiff's resignation. Again, there is simply no evidence to contradict the CCIS defendants' concise statement of fact. The CCIS defendants move to strike this portion of plaintiff's objections because it is contrary to the undisputed facts in the record and has absolutely no evidentiary support. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1). Further, plaintiff objects to any inference that any "plan" could constitute a wrongful act that could support any of plaintiff's claims.

9. Defendants agree that Taylor's request to Brown regarding a search for a possible interim Chief of police occurred prior to plaintiff's resignation. However, defendants object to any inference that the timing of the search was in any way improper. As to plaintiff's other disagreement, plaintiff's own pleading alleges that Brown's work was in his capacity as agent for defendant CCIS. (First Amended Complaint, paragraphs 6, 7, 13).

Page 3 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

10. Plaintiff disagrees about whether Brown discussed the "no confidence" vote when he appeared at the association meeting. All of the sworn testimony from those present - Brown and Scales - states that Brown did not discuss the "no confidence" issue. Plaintiff simply has no evidence to support his contention. (Ex. 1, p. 18; Ex. 3, pp. 15-16, 18-20). The CCIS defendants move to strike plaintiff's objection because it is contrary to the undisputed facts in the record and has absolutely no evidentiary support. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1).

If plaintiff is somehow trying to argue that the association members discussed the "no confidence" vote among themselves, then that is completely irrelevant to any claim against Brown or the other CCIS defendants. While it is clear that the police association was sick and tired of plaintiff's conduct as Chief of Police and was going to render a "no confidence" vote on plaintiff, (Ex. 3, p. 20), Brown did not have anything to do with that vote and plaintiff therefore cannot produce any evidence of Brown's involvement.

11. Plaintiff agrees with paragraph 11.

### RESPONSE TO PLAINTIFF'S DOCUMENT #55

1. Deny that plaintiff gave the statutorily required tort claim notice to either Brown, CCIS, or PSLM in April, 2006. Plaintiff's exhibit 10, upon which plaintiff relies for this fact, does not support plaintiff's contention.

The CCIS defendants also deny that plaintiff gave the required tort claim notice to CCIS within six months of plaintiff's learning of the facts which support plaintiff's allegations against the CCIS defendants. (See the CCIS defendants' Response to Plaintiff's Motion to Amend Pleadings, and the exhibits in support of that response;[3] see also the CCIS defendants' Motion to Strike, Motion No. 2; see also the CCIS defendants'

---

[3] Defendants' Response and the supporting exhibits are document #62 and #63 in the record.

Page 4 -   DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

Reply Memorandum, section 1).

2. Deny that Brown did not report any Police Department dissatisfaction with plaintiff's job performance as Chief of Police until after plaintiff's resignation. Brown reported to Gormley that Officer Scales had talked to him about plaintiff, and in fact Brown asked Scales to meet with Gormley directly. (Exhibit 1, page 10). Also deny any inference that Brown's not reporting Farnham's concerns to the City caused any injury or harm to plaintiff. Brown knew that Farnham was reporting his concerns/opinions directly to the City. (Exhibit 4, page 4).

Deny that Brown believed there was a possibility of liability for the City based on Farnham's actions. Plaintiff's proffered evidence does not support this allegation. (See plaintiff's exhibit 45, page 87).

Admit that Brown began a preliminary search for possible interim chief candidates prior to plaintiff's resignation, but deny that plaintiff was involved in any planning of or consideration of making a request for plaintiff to resign. Admit that Brown did ask plaintiff if he would be interested in the position of Chief of Police for the City of Albany. Further admit that Brown billed CCIS for some of his work, billed the City for some of his work, and did not bill either CCIS or the City for some of the work that he did on behalf of CCIS.

3. Object to any inference that Brown was involved in some "plan" to obtain plaintiff's resignation. Plaintiff's evidence establishes conclusively that Brown did not know about any such plan. (See plaintiff's exhibit 45, p. 115, ll. 14-24). Object to the inference that Brown had some responsibility to offer plaintiff unsolicited advice about how to conduct the duties of Chief of Police.

4. Deny. Plaintiff misstates and misrepresents Brown's deposition testimony. Plaintiff's exhibit reference actually establishes that Brown did not necessarily believe

Page 5 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

that there was any real risk of liability. Specifically, Brown testified that "There's always a risk of liability, but ...". Plaintiff's counsel then interrupted Brown and asked, "That's a 'Yes'?" Brown then answered: "It's a maybe." (See plaintiff's exhibit 45, p. 122, ll. 8-14). Plaintiff misrepresents the testimony.

5. Deny and move to strike. First, plaintiff cites to an "Ex. 15," which is a 12-page exhibit, without any specific reference to any relevant part of that exhibit. However, it does not appear that "Ex. 15" defines any unlimited right of a City employee to receive information about any complaints about that employee. See Fed.R.Civ.P. 56(e); LR 56.1(c)(1).

Defendants also object to any inference that any of the CCIS defendants had any duty to plaintiff created by the City's handbook. Whether the City had some obligation does not create an obligation on the part of Brown and CCIS. However, plaintiff's evidence does not support his alleged factual statement.

6. Deny and move to strike. Plaintiff misrepresents Brown's testimony and offers no basis for his predicate facts. First, as to whether a request for plaintiff's resignation would require approval by the City Council, Brown's testimony is mere speculation that does not support that fact. FRE 701; FRE 602. Second, plaintiff's inference that the City ordered plaintiff to resign is not supported by the evidence. In the present case, plaintiff voluntarily resigned after bargaining for the terms of his resignation.

To suggest that the City Counsel would have to approve a voluntary resignation is an argument for involuntary servitude.

7. Object and move to strike. Object to the inference that Brown was involved in discussions about plaintiff's resignation. While it is clear that Brown testified that he did not voice his opinion about all possible consequences of a resignation by

Page 6 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

plaintiff, there is absolutely no evidence cited by plaintiff to support an inference that plaintiff's resignation was directly discussed at the meeting. Plaintiff misstates his evidence. Olson did not say that the resignation was discussed, contrary to plaintiff's spin on the deposition excerpt. (See plaintiff's exhibit 43, pp. 86-87). In fact, Olson said that he could not recall whether the words "resignation" or "resign" even came up at the meeting. (See plaintiff's exhibit 43, page 84, line 22 through page 85, line 7). Therefore, if resignation was not specifically discussed, Brown should not be expected to be talking about possible consequences of plaintiff's resignation.

8. Object and move to strike. This paragraph has no relevance for plaintiff's claims against Brown because all the alleged facts relate to the conduct of the City Manager and the City Council. FRE 401; FRE 402.

Further, and assuming that plaintiff is accurately representing the evidence, which he is not, plaintiff's alleged facts simply do not make sense. First, plaintiff is trying to use testimony given in response to a compound question, so it is unclear what Olson was really trying to say. Also, plaintiff assumes that the City had a duty to protect and help plaintiff get the Salem job, which it did not. Finally, to highlight the confusion and nonsensical assertions by plaintiff, plaintiff is apparently stating that Olson testified that plaintiff's chances for the Salem position would have been increased if all the complaints and information about plaintiff were made public. That makes no sense, is contradictory and confusing, and is irrelevant to the claims against the CCIS defendants. FRE 401; FRE 403.

9. Object to plaintiff's inferences and misrepresentation of the evidence and move to strike the first sentence of plaintiff's paragraph 9. Plaintiff states that Brown did not disclose to plaintiff that Brown had, at the request of the City, done a preliminary search for an interim Chief. Plaintiff's evidence does not support that alleged fact. (See

Page 7 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

plaintiff's exhibit 45, p. 121). Further, plaintiff implies that Brown had a duty to disclose the fact of the preliminary search to plaintiff, but Brown had no duty to plaintiff and not disclosing that fact - assuming Brown did not disclose it - was not misconduct on Brown's part because Brown's duty was to the City as an agent for CCIS. Plaintiff offers no supporting evidence for the source of Brown's alleged duty to disclose. Therefore, plaintiff's argument is irrelevant. FRE 401; FRE 402.

As to the remainder of paragraph 9, the CCIS defendants admit that police union president Scales met with Brown and Gormley. Defendants also admit that Scales' testimony establishes that there was no date set for a vote of no confidence by the union, but Scales was clear that the union membership wanted the vote and that Scales believed the union would vote "no confidence" in plaintiff, and that the vote was going to happen. (See Exhibit 3, page 20, ll. 15-20).

Finally, the CCIS defendants object to and move to strike plaintiff's alleged fact that "Brown did not testify that he recommended . . ." Brown's testimony is determined by the questions he was asked. Plaintiff's strategy appears to be to not ask a question, and then try to use the deponent's failure to answer the unasked question as evidence of some material fact. This sentence should be stricken for fundamental fairness if nothing else. FRE 403.

10. Deny. Although all three factual statements in this paragraph have evidentiary support, they are nonetheless misstatements of fact. For example, although Farnham admitted he had no special skills as an investigator, he had every right to inquire into plaintiff's conduct as Chief of Police and plaintiff acknowledged Farnham's absolute right to do so. (See plaintiff's exhibit 46, p. 73, ll. 15-16). Finally, although the CCIS defendants agree that Brown did not disclose any information about Mike Full to Farnham, it would have been inappropriate for Brown to do so. Further, there is no

Page 8 - DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116

evidence that Brown thought that Mike Full was a risk to plaintiff's safety at the time of Brown's communications with Farnham. In fact, Brown tried to explain that the times were different, but plaintiff's counsel did not allow Brown to complete his answer. (See Second Afft. Of LeGore, exhibit 4, pp. 2-3).

11. Object. This is irrelevant to the claims against the CCIS defendants. However, if included as part of the record, it demonstrates that the City was informed of the results of Farnham's investigation activities and that any failure by Brown to report that information to the City could not have had any affect on plaintiff.

12. Object and move to strike. This is a combination of speculation and legal conclusion by plaintiff, who is apparently trying to qualify himself as a legal expert. This paragraph should be stricken. FRE 602; FRE 701.

DATED this 30th day of November, 2007.

MILLER & WAGNER LLP

By: _____
Stan LeGore, OSB #94369
Of Attorneys for Defendants
City County Insurance Services Trust,
Rod Brown, and Public Safety
Liability Management, Inc.
503-299-6116

Trial Attorney:
Robert S. Wagner, OSB #84411

Page 9 -    DEFENDANTS CITY COUNTY INSURANCE SERVICES          MILLER & WAGNER LLP
            TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY         Trial Lawyers
            MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S               2210 N.W. Flanders Street
            RESPONSE TO CONCISE STATEMENT OF MATERIAL             Portland, Oregon 97210-3408
            FACTS                                                 (503) 299-6116

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS CITY COUNTY INSURANCE SERVICES TRUST, ROD BROWN, AND PUBLIC SAFETY LIABILITY MANAGEMENT, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS, on the following parties at the following addresses by notice of electronic filing using the CM/ECF system:

>Terrence Kay
>Attorney at Law
>3155 River Road S., Suite 150
>Salem, OR 97302
>503-588-1944
>terrence@kaylawfirm.com
>    Of Attorneys for Plaintiff
>
>Karen O'Kasey
>Hoffman, Hart & Wagner
>Attorneys at Law
>1000 S.W. Broadway, 20th Floor
>Portland, OR 97205
>503-222-4499
>kok@hhw.com
>    Of Attorneys for Defendants Gormley and City of McMinnville
>
>Walter H. Sweek
>Cosgrave Vergeer Kester LLP
>Attorneys at Law
>805 S.W. Broadway, 8th Floor
>Portland, OR 97205
>503-323-9000
>wsweek@cvk-law.com
>    Of Attorneys for Defendant Farnham

DATED this 30th day of November, 2007.

*[signature]*

Stan LeGore, OSB #94369

Page 1 -     CERTIFICATE OF SERVICE

MILLER & WAGNER LLP
Trial Lawyers
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
(503) 299-6116